## Sharon Steel Corporation v. DeLaval Turbine, Inc.

*George Hardy Rowley*, for plaintiff.
*Louis Anstandig*, for defendant.
*John W. Jordan, IV*, and *Donald R. McKay*, for additional defendants.

STRANAHAN, *P. J.*, January 17, 1977 — Plaintiff in the instant case, Sharon Steel Corporation, filed an action in trespass against the original defendant, DeLaval Turbine, Inc., to recover damages for production losses and expenses incurred as a result of a partial shutdown of its Roemer Works in Farrell.

In its complaint, Sharon Steel alleges that under an agreement entered into with Chemetron Corporation the latter agreed to supply the Roemer Works with its oxygen and nitrogen requirements from a gas production plant constructed by Chemetron at the mill. It alleges as well that in August 1973, DeLaval, pursuant to a contract with Chemetron, performed certain inspection, cleaning and adjustment work on two units of the gas production plant, but that this work was done in a negligent manner and necessitated a partial shutdown of the mill for four more days than originally anticipated. Finally, Sharon Steel alleges that it had acted in reliance on DeLaval's proper performance of its contract with Chemetron and that DeLaval knew, or should have known, that its proper performance of its contractural obligations was necessary in order to prevent loss to plaintiff.

Subsequently, DeLaval joined Chemetron and Ivor J. Lee Company[1] as additional defendants.

The matter is now before the court on motions for judgment on the pleadings filed pursuant to Pa.R.C.P. 1034 by DeLaval and Ivor J. Lee and motions for summary judgment filed pursuant to Pa.R.C.P. 1035 by Chemetron and Ivor J. Lee.

## DeLAVAL'S MOTION FOR JUDGMENT ON THE PLEADINGS

The standards for determining whether a judgment on the pleadings should be granted are well settled and set forth at length in Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 224 A. 2d 174 (1966), where the court stated:

"Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him. [Citations omitted.] Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto." [Citations omitted.]

The question raised then is whether plaintiff's complaint, when read in the manner prescribed by

1. Apparently, DeLaval did the inspection and management work on the units while it is alleged that Ivor J. Lee's employes did the "bull work."

the above-cited case authority, can withstand De-Laval's motion for judgment on the pleadings.

Sharon Steel first maintains that the complaint sets forth a valid cause of action consistent with the theory of tort liability advanced in section 324A of the Restatement, 2d, Torts.[2] That section is captioned "Liability to Third Person for Negligent Performance of Undertaking" and provides:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if

"(a) his failure to exercise reasonable care increases the risk of such harm,

"(b) he has undertaken to perform a duty owed by the other to the third person, or,

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

DeLaval, on the other hand, contends that section 324A is inapplicable to the instant case because: (1) The complaint fails to allege any duty owed by DeLaval to plaintiff with respect to its performance of its contractural duties to Chemetron; (2) section 324A is applicable only for a class of third-party plaintiffs comprised of members of the general public, and (3) section 324A is applicable only in cases involving "physical harm" and not in cases involving mere pecuniary loss.

It is submitted that it is unnecessary to deal with

---

2. This theory of liability was expressly accepted by the Superior Court in Beury v. Hicks, 227 Pa. Superior Ct. 476, 323, A. 2d 788 (1974).

these first two contentions for DeLaval is correct in its conclusion that the harm alleged in the instant case (lost production and expenses incurred for alternate methods of operation) does not give rise to a cause of action under section 324A.

A review of that section clearly indicates that the harm deemed actionable is "physical harm" which is defined in section 7(3) of the Restatement, 2d, Torts, as follows:

"The words 'physical harm' are used throughout the Restatement of this Subject to denote the physical impairment of the human body, or of land and chattels."

The generic term "harm" is defined in section 7(2) and comment 7(b) of the Restatement, 2d, Torts in terms of a loss or detriment in fact of any kind to a person resulting from any cause. It is distinguished from the word "injury" which is defined in section 7(1) and comment 7(a) in terms of an invasion of a legally protected interest which, if it were the legal consequence of tortious conduct, would entitle the person suffering the invasion to maintain an action in tort.

Of more importance, however, is the fact that comment 7(b) goes on to state:

"Frequently, where 'harm' is used in this Restatement, it is qualified by some limiting adjective, such as bodily harm, physical harm, pecuniary harm, and the like. *In each such case the intent is to limit the rule stated to the particular kind of harm specified.* Where no such limiting adjective appears, the word is to be understood in the general sense here defined." (Emphasis supplied.)

Sharon Steel argues, however, that the Pennsyl-

vania Supreme Court has given the term "physical harm" a broader definition than that suggested by the terms of and comments to section 7 of the Restatement. In support of this contention, it cites Kassab v. Central Soya, 432 Pa. 217, 246 A. 2d 848 (1968), and, in particular, footnote 7, which deals with the recovery of damages for "physical harm" in the context of a section 402A breach of warranty case.

In the footnote, the court states: "The language of the Restatement, speaking as it does of injury to either the individual or his property, appears broad enough to cover practically all of the harm that could befall one due to a defective product." It goes on to provide a hypothetical case in which a gas range explodes, ruining the purchaser's kitchen, injuring the purchaser himself and necessitating the replacement of the range. The court concludes that all of these elements of the injury are compensable and characterizes the damage for replacing the stove as "economic loss."

The Kassab case itself involved harm alleged to be (1) the loss in value of a herd of cattle because it could not reproduce, or (2) the loss in value of the herd because no one in the community would purchase it. The court stated that either of these were compensable.

From these examples, plaintiff concludes that there is no difference between the loss of production of a factory and the loss of the ability to reproduce of a herd of cows. Further, it determines that the loss alleged in the instant case is far more tangible than the alleged loss of reputation to the cows in Kassab.

It is submitted, however, that plaintiff, in advancing these contentions, overlooks the fact that both the footnote hypothetical and the Kassab case

involved harm to a chattel of plaintiff (i.e., the cattle herd or the stove) and not just harm to a pecuniary interest. Indeed, the court in the footnote in Kassab rationalizes the recovery for the stove by stating: "There would seem to be no reason for excluding this measure of damages in an action brought under the Restatement, since the defective product itself is as much 'property' as any other possession of the plaintiff that is damaged as a result of the manufacturing flaw."

Accordingly, it is determined that plaintiff's complaint fails to state a cause of action consistent with section 324A and DeLaval should be granted a judgment on the pleadings with respect to that theory of liability.

Sharon Steel also contends that its complaint sets forth a cause of action based on the theory of a third-party creditor-beneficiary contract, as defined by section 133 of the Restatement, Contracts.

It is well settled that in order to recover on such a theory, it is not enough to show that it was intended by one of the parties to the contract and the third party that the latter should be a beneficiary. Rather, it is necessary to show that both parties to the contract so intended and that that intention was manifested: Van Cor, Inc. v. American Casualty Co. of Reading, 417 Pa. 408, 208 A. 2d 267 (1965), and cases cited therein.

In the instant case, however, plaintiff fails to allege facts reflecting such an intention on the part of Chemetron and DeLaval and, as such, the complaint does not sufficiently aver a valid cause of action based on section 133.

Accordingly, the grant of DeLaval's motion for judgment on the pleadings would appear to be appropriate with regards to this theory as well.

## LEE'S MOTION FOR SUMMARY JUDGMENT

The court has determined that plaintiff's complaint fails to state a valid cause of action against defendant DeLaval. The same defense is available to additional defendant Lee, since DeLaval's joinder of Lee was based upon plaintiff's allegations of negligence. For the reasons stated in part I of this opinion, neither section 324A of the Restatement, 2d, Torts, nor a theory of third-party creditor-beneficiary contract can be the basis of Lee's liability to plaintiff. Therefore, Ivor J. Lee Company is entitled to summary judgment.

## CHEMETRON'S MOTION FOR SUMMARY JUDGMENT

Chemetron Corporation is also entitled to summary judgment. Chemetron is protected from liability to plaintiff by its contract. Paragraph 31 of the agreement between plaintiff and Chemetron reads:

"Seller [Chemetron] shall, in no event, be liable to Buyer [Sharon Steel] or others for any special or consequential or indirect damage, or loss of production or loss of profits arising from any cause whatsoever, including, but not limited to, any delay, act, error or omission of Seller."[3]

In addition, since the court has held that plaintiff's complaint fails to state a valid cause of action against defendant DeLaval, the possibility that Chemetron could be liable to DeLaval in the way of contribution no longer exists. Therefore, Cheme-

3. All of the damages sought by plaintiff must be considered special or consequential, and thus fall within the provision of paragraph 31.

tron's motion for summary judgment must be granted.

And now, January 17, 1977, the motion of De-Laval Turbine, Inc. for judgment on pleadings is granted.

The motion of Ivor J. Lee Company for a summary judgment is granted.

The motion of Chemetron Corporation for a summary judgment is granted.