611 A.2d 1194

**Pearl CAGNOLI, Appellant,**

v.

**Chester BONNELL, Executor of the Estate of Helen Bonnell, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1991.

Decided June 17, 1992.

James P. Lay, III, Ted G. Miller, Gifford, Lay, Johnson & Ridge, Erie, for appellant.

Kenneth G. Vasil, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by Pearl Cagnoli from an order of the Superior Court, which affirmed an order of the Court of Common Pleas of Erie County, which granted appellee's motion for judgment on the pleadings, 389 Pa.Super. 644, 560 A.2d 822. We granted allocatur to consider whether proper notice was given to appellant pursuant to Pennsylvania Rule of Civil Procedure 1034 and Erie County Rule of Court 304(d). Finding that these rules have been violated, we now reverse.

Appellant brought this action to recover damages for personal injuries which she suffered in a fall down the stairs at the home of Helen Bonnell on February 23, 1983. As a result of her fall, Mrs. Cagnoli sustained serious injuries to her right

elbow, her left thumb and her right collar bone which resulted in seven hospitalizations and eight surgical procedures. She also sustained injury to her head as well as miscellaneous bruises and contusions generally to her body.

A writ of summons was filed on February 20, 1985; the complaint was filed March 14, 1986.[1] In appellant's complaint, she alleged that she was a social guest in the home and that Mrs. Bonnell had been negligent in failing to use reasonable care in the design, construction, and maintenance of the stairway, and in failing to warn the appellant of the dangerous conditions presented.

Appellee filed an answer and new matter in which he summarily raised the affirmative defenses of the statute of limitations, and also recited various factual averments in support of the affirmative defenses of comparative negligence and assumption of the risk on the part of the appellant. Appellant never filed a reply to appellee's new matter.

Following discovery which included interrogatories to and the sworn deposition of the appellant, this matter was listed for a jury trial during the April, 1988 term of the Court of Common Pleas of Erie County, Pennsylvania. On Friday, April 15, 1988, a jury was empaneled and trial was scheduled to commence on Monday, April 18, 1988.

Immediately before the trial began on Monday morning, appellee's counsel presented two written motions; a Motion in Limine regarding appellant's expert witnesses, and a Motion for Admission and/or Judgment on the Pleadings based upon the lack of a reply to new matter. Following brief arguments on the motions, the trial court entered an Order dated April 18, 1988, granting both motions and directing that judgment be entered in favor of the appellee. The empaneled jury was then dismissed.

The appellant filed a Motion for Reconsideration on May 6,

1. Helen Bonnell died on February 22, 1986. Her son, Chester Bonnell, as executor of her estate, was substituted as the named defendant prior to the filing of the answer to the complaint.

1988, of the Order of Court entered on April 18, 1988.[2]   On May 13, 1988, the trial court entered an Order denying said motion.   A Notice of Appeal to the Superior Court was then filed by the appellant on May 17, 1988.   The Superior Court affirmed, finding that appellant had waived any claim of error below.

The Superior Court based its decision upon the in-chambers discussion held on the morning the Motion for Judgment on the Pleadings was presented.   That Court determined that, since appellant's counsel did not present the issues in this appeal to the Common Pleas Court until the filing of the Motion for Reconsideration, counsel failed to raise them at the first possible instance and is therefore barred from raising them in later challenges to the trial court's ruling or on appeal.

While it is well settled that issues not raised by motion or complaint before the trial court in the first instance may not be raised in later challenges to that court's ruling or on appeal, Pa.R.A.P. 302(a); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114, 117 (1974), in this instance, strict compliance with the rule is inappropriate.   Pa.R.C.P. 126.   Trial counsel had neither notice nor an opportunity to research and prepare cogent legal arguments regarding the motions that were presented the morning he was expecting to begin trial.   Therefore, appellant's first opportunity to raise these issues was at the time of filing his Motion for Reconsideration.   Consequently, appellant's issues were preserved for appellate review.

Pennsylvania Rule of Civil Procedure 1034, which permits judgment on the pleadings, provides:

a.   *After the pleadings are closed, but within such time as not to delay trial,* any party may move for judgment on the pleadings.

2.   We note that Attorney Robert B. McCullough acted as counsel for the appellant on all matters pre-trial and matters relative to the Order issued by the trial court on April 18, 1988.   Thereafter, on all matters, Attorney James P. Lay assumed representation of the appellant.

b. The court shall enter such judgment or order as should be proper on the pleadings. (emphasis added)

Clearly, the drafters of Rule 1034 did not envision that a Motion for Judgment on the Pleadings would be submitted, let alone considered, on the very morning that trial is to begin and a jury has been empaneled. The party opposing the motion must have a full and fair opportunity to argue against the motion. The opposing party here, the appellant, was not afforded this opportunity.

In addition, Erie County Rule of Court 302 provides:

**Argument Lists and Arguments.**

(a) All motions and petitions requiring decision and other matters not within the scope of pre-trial Rule 212.1, shall be listed for argument by any party filing a Praecipe and Brief with the Prothonotary on or before the date designated by the Court for the closing of the argument list for a particular month.

(b) Preliminary objections not raising an issue of fact, a *motion for judgment on the pleadings,* ... shall be placed upon the argument list within *twenty (20) days* of the filing on said motion by the moving party filing a praecipe for the argument list which must be accompanied by the moving party's brief.... If the briefs of either the moving party or responding party are not timely filed within the period above stated unless the time shall be extended by the court or by stipulation, the court may then, or at any time subsequent thereto ... [take appropriate action] ...

(e) The responding party must then file its brief within twenty (20) days after receipt of the moving party's brief....

Further, Erie County Rule 304(d) provides:

**Notices**

(d) Opposing counsel and unrepresented parties must be given at least *forty-eight (48) hours notice* prior to the presentation to the Court of any motion or petition requesting an immediate order of the Court. The notice must give the date and time when the motion or petition will be

presented to the Court and must include a copy of the proposed motion and order.... (emphasis added)

Appellee had the opportunity over a period of almost two years to file his Motion for Judgment on the Pleadings in compliance with the procedures required by the local rules in conjunction with Pa.R.A.P. 1034 for timely filings. He did none of these. As a consequence, the appellant was deprived of the opportunity to fully and fairly argue against both of appellee's motions.

Finally, in support of its action, the trial court found that "not only was this motion submitted so as not to delay trial, but the granting of the motion eliminated the necessity for a trial." Trial Court opinion at 3. (footnote omitted). However, this rationale creates a "Catch–22" situation and would eliminate the need for timely filings in every instance so long as the party filing untimely is successful. This we will not permit.

The order of the Superior Court is reversed, the judgment of the Court of Common Pleas of Erie County is vacated, and this matter is remanded to the Court of Common Pleas of Erie County for trial.[3]

LARSEN, J., joins in this majority opinion and files a concurring opinion.

McDERMOTT, J., concurs in the result.

NIX, C.J., files a dissenting opinion.

LARSEN, Justice, concurring.

I agree with and join the majority opinion in reversing the judgment and order of the Superior Court and remanding this case to the Court of Common Pleas of Erie County for trial. I write separately, however, to express my view that in the interest of judicial economy, our order should direct that the

---

**3.** In light of our disposition, it is unnecessary to address any other issues raised by the appellant. In any event, since the order granting the appellee's motion in limine is interlocutory, consideration of that order is inappropriate.

appellant be granted a reasonable time to file a reply, *nunc pro tunc*, to appellee's new matter.

One of the questions raised by the appellant in this appeal, not reached by the majority, is whether the trial court erred in granting appellee's motion for judgment on the pleadings because of appellant's failure to file a reply to appellee's new matter. Appellant argues that the trial court erred in that no responsive pleading to appellee's new matter is required for two reasons. First, the averments contained in appellee's new matter are conclusions of law which do not require a reply, rather than allegations of facts which require a responsive pleading. For example, the appellee's new matter avers as follows:

2. As a result of her comparative negligence, the Plaintiff is barred in whole or in part from recovering for the damages and injuries set forth in her complaint.

3. For the reasons set forth in Paragraph 1 of this New Matter, it is averred that the Plaintiff assumed the risk of the injuries and damages set forth in her Complaint and is therefore barred in whole or in part from recovery.

4. The Plaintiff's cause of action is barred by the applicable Statute of Limitations.

The trial court considered the above averments to be averments of fact which required a reply from the appellant. Because the appellant failed to make a reply, the trial court deemed that these averments were admitted, including the averment that the action was barred by the applicable Statute of Limitations—whichever one it may be.

[TRIAL COURT]: "What about the Statute of Limitations? Was there ever any answer filed as to why—the fact that the action was barred by the Statute of Limitations?"

[APPELLANT'S COUNSEL]: "No, there was no answer to new matter filed, apparently, Your Honor."

[APPELLEE'S COUNSEL]: "And then obviously that in and of itself would be a complete bar to the action."

[TRIAL COURT]: "Obviously."

[APPELLANT'S COUNSEL]: "Statute of Limitations had not run at the time that the plaintiffs were on—"

[TRIAL COURT]: "Well, whether it had or had not, the fact that you haven't answered the new matter does constitute as admission."

(Rep.Rec., pps. 157a–158a). I have trouble with the trial court's ruling that the above unanswered averments are constitute admissions. Each of those averments sets forth a conclusion of law, namely: (a) that recovery by the appellant is barred in whole or in part by appellant's comparative negligence—a conclusion of law; (b) that recovery by the appellant is barred in whole or in part by appellant's assumption of the risk—a conclusion of law; and (c) that appellant's entire cause of action is barred by the Statute of Limitations—a conclusion of law. The failure to file a responsive pleading when a responsive pleading is required by the rules results only in the admission of factual averments, not legal conclusions. *Landis v. City of Philadelphia*, 245 Pa.Super. 514, 369 A.2d 746 (1976). "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.C.P. 1029.

Second, the factual averments which are set forth in appellee's new matter merely contradict averments contained in appellant's complaint. For example, the appellee, in the final averment of his new matter, avers:

6. "It is believed and therefore averred that the Plaintiff did not have authorization or permission to be in the area of the stairway where her fall allegedly occurred, and the Plaintiff was therefore trespassing at the time of this accident."

The appellee's allegation that the appellant was a trespasser contradicts the appellant's averment in her complaint that she, the appellant, was a social guest in the home of the appellee's decedent and was requested by the appellee's decedent to accompany her down the stairs to the cellar of the home. It was while the appellant was descending the stairs that appellant allegedly fell and sustained the injuries and damages of which appellant now complains. Where a factual averment in new matter merely sets forth facts which directly contradict a factual averment contained in plaintiff's complaint, the plaintiff

is not required to reiterate the contradiction which was already pleaded in the complaint or be deemed to have admitted the opposing facts. The appellee's allegation that the appellant was a trespasser, along with appellee's specific allegations of contributory and/or comparative negligence on the part of the appellant[1], do not appear to constitute averments which require the appellant to reply or suffer the consequences of being deemed to have admitted those averments and the further consequences of an adverse judgment.

Rule 126 of the Pa.R.C.P. provides for the liberal construction and application of the rules of procedure. Rule 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Assuming, without deciding, that there are factual averments contained in appellee's new matter which require a responsive pleading, the appellant should be permitted to file a reply *nunc pro tunc*. The substantial rights of the appellee will not be prejudiced by permitting the appellant to file a *nunc pro tunc* reply to the appellee's new matter. The appellee's

---

1. Paragraph 1 of appellee's new matter avers:

It is believed and therefore averred that the Plaintiff was negligent, careless or reckless in the following manner in causing or contributing to the accident and subsequent injuries averred in her Complaint:

(a) failing to watch where she was walking;

(b) failing to walk down the steps in a careful and cautious manner;

(c) failing to keep a proper look-out;

(d) proceeding down the stairs in spite of a known or obvious danger;

(e) continuing down the stairs after becoming aware of the allegedly dangerous condition of the stairs;

(f) proceeding down the stairs in spite of her knowledge of the allegedly inadequate lighting;

(g) failing to take note of the condition of the steps prior to and during her descent;

(h) being otherwise negligent under the Common Law of Pennsylvania.

averments, which are not purely conclusions of law, are contradicted by the averments contained in appellant's complaint and therefore, appellant's reply could not surprise appellee or prejudice appellee in his defense. On the other hand, if the appellant is denied permission to file a *nunc pro tunc* reply to appellee's new matter and the averments in appellee's new matter are deemed admitted, obvious prejudice will result to the appellant. Based upon the record in this case, fairness and judicial economy dictate that, on remand, the appellant be granted a reasonable time to file a reply to appellee's new matter.

NIX, Chief Justice, dissenting.

I remain committed to the view that the issue addressed by the majority is waived.[1] This is the typical case wherein the doctrine of waiver should apply. Appellant's counsel did not avail himself of the opportunity to present this complaint to the trial court before it rendered its decision to grant the motion for judgment on the pleadings. The issues raised on appeal were not raised before the trial court until the filing of Appellant's motion for reconsideration. This Court has repeatedly stated that issues not raised by objection or complaint before the trial court may not be raised in later challenges to the trial court's ruling or on appeal. Pa.R.A.P. 302(a); *see also, Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Having failed to follow the prescribed rule, Appellant cannot be heard to complain.

---

1. The excuse being offered here by Appellant was not raised in the trial court at the time the motions were being considered.