**Joseph LEEDOM, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.
Decided Aug. 18, 1997.

Gerard J. Martillotti, Philadelphia, for appellant.

Alton Grube, Philadelphia, for appellee.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Joseph Leedom appeals from an order of the Court of Common Pleas of Bucks County that entered a judgment of nonsuit against him and in favor of the Department of Transportation (DOT). Leedom challenges the trial court's entry of a nonsuit before the presentation of evidence; its determination that Leedom's ignorance of the notice requirements for actions against government entities was insufficient to form a reasonable excuse; and its finding that there was a presumption of prejudice to DOT because it did not receive notice of Leedom's claim until 25 months after his accident.

Leedom, a New Jersey resident, was employed as an Amtrak police officer when he was instructed on July 1, 1987 to respond to a fire on rail tracks in Bensalem Township, Bucks County. As Leedom was traveling on State Road, he drove into water located on the roadway, went off the road into a ditch and struck a tree. Leedom suffered serious injuries, and in June 1989, he filed a negligence complaint against DOT in Bucks County. On August 8, 1989, the Attorney General in Harrisburg was served with the complaint, and as of this date, DOT had official notice of suit.

Leedom alleged in his complaint that DOT was negligent in designing and maintaining State Road, in failing to provide for safe water drainage and in failing to warn drivers of the dangerous condition of the roadway. In its answer, DOT denied Leedom's allega-

tions, and in its new matter, DOT asserted that Leedom's cause of action was barred by Section 5522 of the Judicial Code, *as amended,* 42 Pa.C.S. § 5522, because neither DOT nor the Attorney General received notice of Leedom's intent to sue within six months of the date of the accident.[1]

■ On the day scheduled for trial, DOT made a motion for nonsuit, maintaining that Leedom failed to notify DOT of the accident within the six-month limitation period under Section 5522 of the Judicial Code. The trial court determined that DOT suffered undue hardship as a result of Leedom's failure to comply with the notice requirements and dismissed Leedom's complaint pursuant to Section 5522(a)(2). This Court must decide whether the trial court committed an error of law or an abuse of its discretion. *Miranda v. City of Philadelphia,* 166 Pa.Cmwlth. 181, 646 A.2d 71 (1994).

■ Leedom contends that the trial court erred in granting nonsuit on the day trial was scheduled to begin. In support he cites the Supreme Court's decision in *Cagnoli v. Bonnell,* 531 Pa. 199, 611 A.2d 1194 (1992), and this Court's decision in *Moscatiello Constr. Co. v. City of Pittsburgh,* 155 Pa. Cmwlth. 361, 625 A.2d 155 (1993). In *Cagnoli* the trial court granted the defendant's motion in limine and motion for judgment on the pleadings in a personal injury action on the morning a jury trial was scheduled to begin. The Superior Court affirmed the trial

1. Section 5522 provides in part:

> **(a) Notice prerequisite to action against government unit—**
> (1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 ... or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:
> (i) The name and residence address of the person to whom the cause of action has accrued.

> (ii) The name and residence address of the person injured.
> (iii) The date and hour of the accident.
> (iv) The approximate location of where the accident occurred.
> (v) The name and residence or office address of any attending physician.
> (2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

court, and the Supreme Court reversed. It reasoned that the plaintiff/appellant had neither notice nor opportunity to prepare legal arguments in response to the motions that were presented on the morning of trial.

Appellee had the opportunity over a period of almost two years to file his Motion for Judgment on the Pleadings in compliance with the procedures required by the local rules in conjunction with [Pa. R.C.P. No. 1034] for timely filings. He did none of these. As a consequence, the appellant was deprived of the opportunity to fully and fairly argue against both of appellee's motions.

*Cagnoli,* 531 Pa. at 204, 611 A.2d at 1196.

In *Moscatiello* this Court applied the *Cagnoli* rationale to a similar situation where the municipal defendant filed a motion for summary judgment the day after a jury was selected. The trial court granted the motion the same day and dismissed the suit. This Court reversed, stating that a party opposing a motion for summary judgment must be given at least the same time to respond as is given to a party opposing a motion for judgment on the pleadings. The Court concludes that the reasoning articulated in *Cagnoli* and *Moscatiello* is equally applicable to the case sub judice.

DOT had ample time before the first day of trial to move for a nonsuit based on Leedom's noncompliance with the notice requirements of Section 5522(a)(1) of the Judicial Code. In granting the motion the same day it was filed, the trial court violated Leedom's rights to a fair opportunity to respond to the motion. Furthermore, the trial court erroneously relied on *Miranda* for the proposition that a compulsory nonsuit could be entered prior to the presentation of evidence. In *Miranda* the Court concluded that the facts alleged by the plaintiff were insufficient to state a legal claim.

Leedom obtained an accident report from an expert witness, advancing four theories under which DOT might be held liable: de-

fective road design, excessive drop off, excessive slopes and improper clear zones. Because the facts alleged by Leedom were sufficient to state a cause of action, *Miranda* is obviously distinguishable. *See also Hunt v. Commonwealth Department of Transportation,* 137 Pa.Cmwlth. 588, 587 A.2d 37, *appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991) (DOT's motion to dismiss filed on day of trial was granted where DOT owed no duty to clear highway of naturally accumulated ice and snow).

Leedom's other two contentions are that he had a reasonable excuse for failing to satisfy the notice requirements of Section 5522(a)(1) and that the evidence of prejudice to DOT was insufficient to warrant a nonsuit in its favor. He cites *Yurechko v. County of Allegheny,* 430 Pa. 325, 243 A.2d 372 (1968), where the Supreme Court held that a reasonable excuse was established by the plaintiff for failure to comply with the six-month notice requirements. The Court concluded that negligence of the plaintiff's counsel coupled with a finding that no undue hardship resulted from the lack of notice constituted a reasonable excuse for purposes of Section 5522(a)(2).

The holding in *Yurechko* was applied in *Ramon v. Commonwealth Department of Transportation,* 124 Pa.Cmwlth. 416, 556 A.2d 919 (1989), *aff'd per curiam,* 524 Pa. 464, 573 A.2d 1025 (1990), where the Court rejected DOT's argument that it need not demonstrate that the plaintiffs' noncompliance actually prejudiced it [2] and vacated the trial court's order granting DOT's motion for summary judgment on the ground that the plaintiffs had not complied with Section 5522(a)(1). The Court stated that nothing in the record indicated any prejudice or undue hardship to DOT and that its conclusory statement of hardship is not enough. Hence, the trial court erred in the case sub judice in holding that undue hardship must be presumed because notice to DOT under Section

---

2. In *Graffigna v. City of Philadelphia,* 98 Pa. Cmwlth. 624, 512 A.2d 91 (1986), cited by DOT, the Court held that the fact that city police investigated an accident did not establish either actual or constructive notice of the accident under Sec-

tion 5522(a)(3)(iii), and thus the plaintiff was not excused from providing SEPTA, a transportation authority, timely notice. However, as noted in *Ramon,* the decision in *Graffigna* is inapplicable to reasonable excuse cases.

5522(a) was delayed for at least two years.[3] *See also Bissey v. Department of Transportation,* 149 Pa.Cmwlth. 37, 613 A.2d 37 (1992) (DOT must allege specific facts in order to show undue hardship).

The Court also rejects DOT's argument that the record supports a conclusion that DOT was prejudiced. DOT contends, inter alia, that at the time it inspected the crash site, the tree that Leedom struck was no longer there. In contrast, Leedom asserts that, although the complaint was filed in 1989, DOT did not inspect the crash site until December 1995 and that the evidence would show that the drainage culvert and tree stump still remain and the dimensions of the tree were still available to the parties. It is apparent that the trial court merely accepted DOT's conclusory statement that it suffered prejudice resulting from the removal of the tree.

Following the dictates of *Yurechko* and *Ramon,* the Court is compelled to vacate the order of the trial court and to remand this case so that the trial court may conduct an evidentiary hearing to determine actual prejudice or undue hardship to DOT as a result of Leedom's failure to comply with Section 5522(a)(1) of the Judicial Code. If DOT fails to sustain its burden of proof, this case shall proceed to trial.

### ORDER

AND NOW, this 18th day of August, 1997, the order of the Court of Common Pleas of Bucks County is vacated, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

LEADBETTER, J., dissents.

---

**3.** The trial court erroneously relied upon *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), to support its decision. In that case, the plaintiff filed a complaint in 1981 but took no other action until a motion to dismiss was filed in 1987. The trial court granted the motion, but the Superior Court reversed on the ground that no showing of prejudice was made. The Supreme Court reversed

and reinstated the trial court's order, citing the plaintiff's unexplained lack of due diligence in failing to prosecute the case for more than two years. *Penn Piping, Inc.* is distinguishable because the issue here does not involve docket inactivity for over two years and the presumption of undue hardship resulting from docket inactivity.