J-A03022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYREEK DENMARK | |
| Appellant | No. 722 EDA 2015 |

Appeal from the Judgment of Sentence October 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006336-2013

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY MUNDY, J.: **FILED MARCH 01, 2016**

Appellant, Tyreek Denmark, appeals from the October 10, 2014 aggregate judgment of sentence of life imprisonment without the possibility of parole, imposed after he was found guilty of one count each of first-degree murder and possession of an instrument of a crime (PIC).[1] After careful review, we affirm.

The trial court summarized the relevant factual history of this case as follows.

> On March 29, 2013, at approximately 11:00 a.m., Philadelphia Police Officer Andrew Monroe and his partner responded to a call of domestic violence on the 5400 block of Regent Street in Philadelphia. The officers met with Erica Hood, the alleged victim of domestic violence. While conducting a walk-

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

through of Hood's property to secure the premises, Officer Monroe discovered [Appellant] hiding in the basement. As Hood was uncooperative with police officers at that time, no further action was taken by police. Officer Monroe observed Thyeem Snipe, the decedent, standing across the street as the officer participated in the investigation. One week prior, Snipe and Hood had been in a physical altercation with each other[,] which was broken up by police.

After police left the scene, [Appellant], Jonathan Shaw, co-defendant Paul Tucker Bennett, and Tyleal Denmark ([Appellant]'s cousin) were hanging out on Regent Street outside of Bennett's home. [Appellant] and Bennett were standing on the porch to Bennett's home while Tyleal and Shaw were located on the sidewalk. Snipe was getting on the porch wall outside of 5519 Regent Street, which was located next door to Bennett's home. Bennett appeared to hand an object to [Appellant]. [Appellant], with a gun in his hand, approached Snipe and shot him multiple times. [Appellant] then left the scene in his car, parking it a short distance away.

Snipe suffered a total of five gunshot wounds. Snipe was shot twice through the right of his neck, once in his lower right chest, once through his right back, and once in his right shoulder. Each of these gunshot wounds was fatal on its own. As a result of a gunshot wound to the neck, Snipe's cerebral spinal cord was severed, resulting in near instantaneous death.

Police Officer Monroe, who had responded to the earlier domestic violence call, heard the shots fired by [Appellant] and responded to 5519 Regent Street at 12:09 p.m. Officer Monroe observed [Appellant] walking northbound on 55th Street towards Chester Avenue. Officer Monroe further observed Snipe lying on the porch of 5519 Regent Street.

> Eye witness Jameel Starnes told police at the scene that [Appellant] was the shooter, and [Appellant] was taken into custody. Police never recovered the murder weapon.

Trial Court Opinion, 5/21/15, at 2-3 (internal citations and footnotes omitted).

On May 24, 2013, the Commonwealth filed an information, charging Appellant with one count each of first-degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, PIC, and third-degree murder.[2] On October 7, 2014, Appellant proceeded to a jury trial, at the conclusion of which the jury found Appellant guilty of first-degree murder and PIC. The third-degree murder and carrying firearms in public in Philadelphia charges were *nolle prossed*, and the trial court granted Appellant's motion for a judgment of acquittal on the firearms not to be carried without a license charge. On October 10, 2014, the trial court imposed a sentence of life imprisonment without the possibility of parole for first-degree murder and no further penalty for PIC. Appellant filed a timely post-sentence motion on October 20, 2014, and an untimely supplemental post-sentence motion on October 22, 2014. The trial court denied

---

[2] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 6108, 907(a), and 2502(c), respectively.

Appellant's post-sentence motions on February 13, 2015. On March 12, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issues for our review.

> A. [Whether this C]ourt should waive [Appellant]'s failure to preserve the issue for appeal because it is a novel issue, which the trial attorney would not have recognized, and it is an important issue that needs to be settled in Pennsylvania[?]
>
> B. [Whether a]n autopsy report should be testimonial in Pennsylvania because 1) the medical examiner is considered part of the criminal investigation team and prosecution, 2) the jurisdictions that find autopsy reports testimonial misapply the primary purpose test, and 3) finding it testimonial would be in harmony with the case law regarding the Pennsylvania Constitution's [C]onfrontation [C]lause[?]
>
> C. [Whether a]n application of the [p]rimary [p]urpose test shows that the autopsy report was testimonial[?]
>
> D. [Whether t]he admission of the report without cross-examination resulted in harmful error because, without the testimony and report, there is no evidence of cause and manner of death, there is no independent evidence that the individual in the autopsy was Mr. Snide [sic] and [A]ppellant's defense was based upon the stippling about which only the examining coroner could have testified[?]

Appellant's Brief at 8.

_____

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On the merits, all of Appellant's issues raise essentially one claim for our review, whether his rights under the Confrontation Clause were violated by the admission of an autopsy report through an expert witness who did not perform, or observe, the autopsy. Appellant's Brief at 11-19. However, as noted in his first question presented, Appellant concedes that he did not object to the admission of the expert testimony in question on any grounds, constitutional or otherwise. *Id.* at 8; *see also generally* N.T., 10/7/14, at 150-174.

It is axiomatic that issues not raised in the trial court may not be raised for the first time on appeal. Pa.R.A.P. 302(a); *see also* Pa.R.E. 103(a) (stating that a timely and specific objection or motion *in limine* is required to preserve for appeal an issue that the trial court abused its discretion in admitting certain evidence). This Court has consistently applied these rules to the Confrontation Clause. *Commonwealth v. Hood*, 872 A.2d 175, 184 (Pa. Super. 2005), *appeal denied*, 889 A.2d 88 (Pa. 2005); *see also generally Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014) (explaining that even constitutional claims can generally be waived), *appeal denied*, 114 A.3d 416 (Pa. 2015). As noted above, Appellant has acknowledged that he did not object to the admission of the

expert testimony in question. Appellant's Brief at 8.[4] Therefore, we deem Appellant's Confrontation Clause issue waived on appeal for want of preservation in the trial court.

In the alternative, even if we were to address the merits, Appellant would not be entitled to relief. Here, the Commonwealth produced several additional witnesses that confirmed that the victim in this case was Snipe and that Snipe was shot multiple times. Jameel Starnes testified that Appellant had an object and pointed it at Snipe right before the shots were fired, saw Appellant fire many shots, and found the victim after the shots were fired. N.T., 10/8/14, at 19-24, 47. Starnes specifically identified the victim as Snipe. *Id.* at 24, 47. Furthermore, Officer Monroe testified that he discovered Snipe's body, which had suffered multiple gunshot wounds, and Officer Monroe specifically identified the deceased as Snipe. N.T., 10/7/14, at 84-85, 91. In addition, Officer Terry Tull, testified as to the

_____

[4] Appellant's reliance on **Cagnoli v. Bonnell**, 611 A.2d 1194 (Pa. 1992) and **Kemper Nat'l P & C Co. v. Smith**, 615 A.2d 372 (Pa. Super. 1992) to excuse his waiver is unconvincing. In **Cagnoli**, our Supreme Court held that the appellant's arguments were preserved because "[t]rial counsel had neither notice nor an opportunity to research and prepare cogent legal arguments regarding the motions that were presented the morning he was expecting to begin trial." **Cagnoli**, **supra** at 1196. Here, Appellant had ample opportunity to prepare an objection or a motion *in limine*, as it is not alleged that the Commonwealth surprised Appellant by calling its expert witness. Furthermore, in **Kemper**, this Court simply restated the basic principle that an appellee does not have the duty to preserve issues for appeal when the ruling below in the trial court was in its favor. **Kemper**, **supra** at 380-381. Here, Appellant was not the prevailing party at trial and did have a duty to preserve issues for our review under Rule 302(a).

condition of Snipe's body after the shooting. N.T., 10/8/14, at 115-119. Therefore, even assuming *arguendo* that Appellant's Confrontation Clause rights were violated, any error was harmless beyond a reasonable doubt. ***See generally Chapman v. California***, 386 U.S. 18, 24 (1967).

Based on the foregoing, we conclude Appellant's issue on appeal is waived for want of preservation. Additionally, even if it were preserved, any potential error was harmless beyond a reasonable doubt. Accordingly, the trial court's October 10, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016