[J-8-2016] [MO: Baer, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| HERDER SPRING HUNTING CLUB, | : | No. 5 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated May 9, 2014 at No. 718 |
| | : | MDA 2013, vacating the judgment of the |
| v. | : | Court of Common Pleas of Centre |
| | : | County, Civil Division, dated July 12, |
| | : | 2011 at No. 2008-3434 and remanding |
| HARRY KELLER AND ANNA KELLER, | : | the case |
| HIS WIFE; J. ORVIS KELLER; ELLIS O. | : | |
| KELLER; HENRY HARRY KELLER; | : | ARGUED:  October 7, 2015 |
| WILLIAM H. KELLER; MARY EGOLF; | : | SUBMITTED:  January 20, 2016 |
| JOHN KELLER; HARRY KELLER; ANNA | : | |
| BULLOCK; ALLEN EGOLF; MARTIN | : | |
| EGOLF; MARY LYNN COX; ROBERT | : | |
| EGOLF; NATHAN EGOLF; ROBERT S. | : | |
| KELLER; BETTY BUNNELL; ANN K. | : | |
| BUTLER; MARGUERITE TOSE; HENRY | : | |
| PARKER KELLER; PENNY ARCHIBALD; | : | |
| HEIDI SUE HUTCHISON; REBECCA | : | |
| SMITH; ALEXANDRA NILES | : | |
| CALABRESE; CORRINE GRAHAM | : | |
| FISHERMAN; JENNIFER LAYTON | : | |
| MANRIQUE; DAVID KELLER; STEPHEN | : | |
| RICHARD KELLER; MICHAEL EGOLF, | : | |
| THEIR HEIRS, SUCCESSORS, | : | |
| EXECUTORS, ADMINISTRATORS, AND | : | |
| ASSIGNS, AS WELL AS ANY OTHER | : | |
| PERSON, PARTY OR ENTITY, | : | |
| | : | |
| Appellants | : | |

**CONCURRING OPINION**

**JUSTICE TODD**                                          **DECIDED:  July 19, 2016**

I join the comprehensive and scholarly Majority Opinion of Justice Baer in all

respects save one:  the disposition of the Keller Heirs' claim that the method of notice of

the 1935 tax sale — publication — violated the due process guarantees afforded them

by the United States Constitution. On that issue, the majority assumes, *arguendo*, the retroactive applicability of Mullane v. Central Hanover Bank and Trust, 339 U.S. 306 (1950), and Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983), as suggested by the Keller Heirs, to the resolution of this claim. I would not entertain this argument, as, in my view, this issue has been waived for purposes of this appeal.

As the majority discusses, the decisions of the United States Supreme Court in Mullane and Mennonite recognized, for the first time, that the Due Process Clause of the Fourteenth Amendment of the United States Constitution prescribes the manner of notice that governmental bodies are required to provide to parties affected by a judicial decree involving their property rights, or the pending tax sale of their property. The majority acknowledges that the retroactive application of these cases remains currently unresolved, as the high Court has not spoken to this question and there remains a substantial split of authority among state courts which have considered it. See Majority Opinion at 33 n.17. However, the majority accepts, for purposes of argument, the retroactive application of Mullane and Mennonite and engages in a substantive analysis of the Keller Heirs' due process claim, which rests primarily on their assertion that these decisions govern the 1935 tax sale, see Brief of Appellants at 42-45, and it does so, in part, utilizing the standards of those cases. See Majority Opinion at 33 n.17 ("As we find the notice by publication was proper in this case even under the due process standards set forth by Mullane and Mennonite, we need not address these contentious questions and instead assume *arguendo* that the cases apply retroactively.").[1] I would

---

[1] I find the majority's analysis in this regard to be problematic as it analyzes whether notice by publication in this matter afforded the Keller Heirs adequate due process by using the Mullane standard — i.e., whether it was "reasonably possible or practicable to give more adequate warning," Majority Opinion at 34 (quoting Mullane, 339 U.S. at 317) — but then looks to decisions "from the relevant time," the time of the tax sale, to (continued…)

not address this claim, however, since I consider it to have been waived as Appellee contends.

The Keller Heirs' claim that notice by publication of the 1935 tax sale did not satisfy due process was raised for the first time in their petition for allowance of appeal to our Court. Yet, for an issue to be preserved for appeal, a party must raise it at the first possible opportunity to do so. Cf. Cagnoli v. Bonnell, 611 A.2d 1194, 1196 (Pa. 1992) (issue not waived when counsel raised it at the earliest possible time in the court below). This particular civil proceeding — an action to quiet title — conforms to our rules of civil procedure, and, thus, all provisions of those rules are applicable. See Pa.R.C.P. 1061 ("[T]he procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to a civil action."). The Keller Heirs' challenge to the tax sale, distilled to its essence, is a claim that the sale was illegal because it violated their constitutional due process rights. Consequently, in my view, the Keller Heirs were required by Pa.R.C.P. 1030(a) to plead the alleged illegality of the tax sale in the trial court as an affirmative defense in response to Appellee's complaint to quiet title. See Pa.R.C.P. 1030(a) ("[A]ll affirmative defenses including but not limited to . . . illegality . . . shall be pleaded in a responsive pleading under the heading 'New Matter'".). In that complaint, Appellee alleged that it acquired a fee simple interest to both the surface and subsurface estates under the Act of 1806 as a result of the 1935 tax sale, which it further contended was done in accordance with the law then in existence and with the Keller Heirs' full knowledge. See First Amended Complaint in Action to Quiet Title (R.R. 12a-23a) at ¶ 10, 16, 19. As

_____

(…continued)
assess whether the notice by publication authorized by the Act of 1815 comported with this standard. Majority Opinion at 34-36.

the Keller Heirs did not raise any issue of a due process impediment to the legal validity of the sale in a responsive pleading to this complaint, despite that being the first opportunity for them to raise such a claim, I would deem it waived for purposes of the present appeal under Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[2]

Accordingly, as to this issue only, I concur in the result reached by the majority, but not in its rationale.

---

[2] As noted above, Appellee has specifically raised in its brief the issue that the Keller Heirs' due process claim was waived by their failure to raise it in the trial court, and, thus, in my view, the question of whether the failure to raise it in the manner arguably required by Pa.R.C.P. 1030(a) constitutes waiver is fairly subsumed therein.