J-A21016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GARY RYAN AND JEANNE RYAN, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 392 EDA 2018 |
| PPL CORPORATION | : | |

Appeal from the Order Entered December 22, 2017
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-C-2753

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 10, 2019**

Husband and wife Gary and Jeanne Ryan (Appellants) appeal from the order entered on December 22, 2017 in the Civil Division of the Court of Common Pleas of Lehigh County that sustained preliminary objections filed by PPL Corporation (PPL) and dismissed Appellants' complaint.  Appellants contend the trial court wrongly rejected their request to amend their complaint by substituting PPL Electric Utilities Corporation (PPL EU) for PPL as the named defendant.  Appellants therefore ask us to reverse the trial court's order denying their motion to amend, vacate the order sustaining PPL's preliminary objections, and remand this matter for further proceedings.  After careful review, we conclude that Appellants failed to preserve their claims for appellate review; hence, they are not entitled to amend their complaint. Moreover, since Appellants have not presented other grounds upon which to

disturb the order sustaining PPL's preliminary objections, we are constrained to affirm the trial court's ruling.

The trial court summarized the relevant facts and procedural history in this case as follows:

On October 9, 2014, [Gary Ryan (Ryan)] was erecting scaffolding on the roof of a property located [along] East Maple Street [in] Mahanoy City, Northumberland County. While doing so, he pulled an aluminum support pole toward the roof [causing the scaffolding to come into contact] with a primary electrical line[. Ryan received a shock as a result, was knocked off the roof, and sustained] numerous physical injuries.

Ryan and his wife, Jeanne Ryan[,] filed a writ of summons against [PPL] on September 29, 2016. [PPL was served with the writ on October 13, 2016 and] filed a rule upon [Appellants] on January 11, 2017, to file a complaint. [Appellants] served [PPL] with pre-complaint discovery on February 22, 2017, and subsequently alleged [that PPL] "refused to cooperate." Specifically, [PPL] responded to [Appellants'] request for production of documents and interrogatories on February 28, 2017, by denying it was the appropriate party [subject to suit in this case]. It stated it had no information in response to the interrogatories because [PPL] is a holding company and has no employees, does not own, operate, or maintain any electrical distribution systems, and is not involved in any field activity or operations. [Appellants] filed their complaint on March 20, 2017. Ryan's claim[s alleged that PPL was negligent because it failed to exercise reasonable care]. His wife's claim[s alleged] loss of consortium due to her husband's injuries.

[PPL] filed preliminary objections to [Appellants'] complaint on April 7, 2017, asserting a demurrer for legal insufficiency of a pleading under Pa.R.C.P. 1028(a)(4) and failure to conform to pleading standards under Pa.R.C.P. 1028(a)(2). In response to [PPL's] first preliminary objection[s, Appellants] filed a motion on April 27, 2017, for leave to amend [their] complaint to name [PPL EU] as the named defendant instead of [PPL]. [The trial court denied that motion on September 15, 2017 because, *inter alia*, PPL and PPL EU are two distinct legal entities and Pennsylvania law, as of the time this action was filed, did not permit the addition

- 2 -

of a new party by amendment outside the statute of limitations absent some indicia that the plaintiff was actively misled].[1]

[Appellants] appealed. Th[is Court] quashed the appeal because the [September 15, 2017 order denying Appellants' motion to amend their complaint], was not a final order or a collateral order appealable as of right. [*See Ryan v. PPL Corp.*, No. 3404 EDA 2017, filed December 12, 2017].

[Subsequently, on December 21, 2017, the trial court denied an emergency motion for reconsideration filed by Appellants on October 13, 2017. The next day, December 22, 2017, the court sustained PPL's preliminary objections and dismissed Appellants' complaint]. This appeal followed.

Trial Court Opinion, 4/10/18, at 1-2 (footnote in original).

In their brief, Appellants raise the following questions for our review:

Whether the trial court erred in concluding that the amended version of Pa.R.Civ.P. 1033 that took effect on April 1, 2017 was not applicable to this then-pending case, thereby incorrectly interpreting Pa.R.Civ.P. 152, invalidating Pa.R.Civ.R. 52(c), and undermining the instructions of the Pennsylvania Supreme Court?

Whether the trial court erred by applying and relying upon an out-of-date and obsolete version of Pa.R.Civ.P. 1033 in denying Appellants' motion for leave to amend?

Whether the trial court erred in denying Appellants' motion for leave to amend under Pa.R.Civ.P. 1033(b), where PPL EU knew, or should have known, within the applicable time limit that there was a mistake concerning the identity of the corporate defendant named in Appellants' civil action such that leave to amend should have been granted?

Whether the trial court erred in [sustaining PPL's] preliminary objections by concluding that the only way for Appellants to

---

[1] Appellants' negligence-based personal injury claims are subject to a two-year statute of limitations. *See* 42 Pa.C.S.A. § 5524. The incident leading to Ryan's injuries occurred on October 9, 2014; Appellants filed their motion for leave to amend the complaint to name PPL EU as a defendant on April 27, 2017.

establish the liability by [PPL]—as a matter of law—was by "piercing the corporate veil" or establishing PPL EU was an "alter ego" of [PPL]?

Appellants' Brief at 2-3 (certain capitalization omitted).

Appellants challenge a trial court order sustaining PPL's preliminary objections. We apply a familiar standard of review when evaluating such rulings.

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012) (quotations omitted).

Appellants' argument in this appeal is relatively straightforward. In their first two claims, Appellants maintain that the trial court erred in refusing to apply the amended version of Rule 1033 that became effective on April 1, 2017, shortly before they filed their original motion to amend the complaint

on April 27, 2017.  Citing Rules 52[2] and 152[3] in support of their position,

Appellants claim that courts must apply amended procedural rules as of the

date they are designated to become effective, unless otherwise provided by

the Supreme Court.

_____

[2] Rule 52 states as follows:

**Rule 52. Effective Date. Application to Pending Actions**

(a) A rule or an amendment to a rule shall be effective upon the date specified by the Supreme Court.

(b) If no effective date is specified, the rule or amendment shall be effective on the first day of July or January following the thirtieth day after its adoption, whichever is earlier.

(c) Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.

Pa.R.C.P. 52.

[3] Rule 152 provides:

**Rule 152. Construction of Amendatory Rules**

Whenever a rule or part of a rule is amended, the amendment shall be construed to merge into the original rule, become a part thereof, and replace the part amended. The remainder of the original rule and amendment shall be read together and viewed as one rule promulgated at one time; but the portions of the rule which were not altered by the amendment shall be construed as effective from the time of their original promulgation and the new provisions shall be construed as effective only from the date when the amendment became effective.

Pa.R.C.P. 152.

To accurately summarize the precise position advanced by Appellants on appeal, we set forth the newly-adopted provisions of Rule 1033 upon which they rely. Effective April 1, 2017, our Supreme Court amended Rule 1033 to add the following language as subsection (b):

> (b) An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within ninety days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(b).[4]

Appellants contend on appeal that their proposed amendment is permitted under the framework adopted in Rule 1033(b). They assert that substitution of PPL EU for PPL constitutes an amendment "correcting the name of a party against whom a claim has been asserted in the original pleading" within the meaning of Rule 1033(b). They further maintain that if the newly-adopted text of Rule 1033(b) were applied to their motion, the safe harbor provisions of the amended rule would permit substitution of PPL EU for PPL as an amendment "relating back" to the commencement of the action

---

[4] The Supreme Court issued the order amending Rule 1033 on February 2, 2017. *See In re: Order Amending Rule 1033 of the Pennsylvania Rules of Civil Procedure*, Case No. 657 (Pa. Feb. 2, 2017).

(September 29, 2016) and, more significantly, before the expiration of the of the two-year limitations period.

Specifically, Appellants assert that, on or before January 10, 2017 (the close of the 90-day safe harbor following the period provided by law for commencing the action), PPL EU received notice of the action such that it would not be prejudiced in maintaining a defense on the merits. Appellants claim that PPL EU acquired actual or constructive knowledge of the commencement of this action for purposes of Rule 1033(b) through: "(1) PPL EU employees [who] responded to the accident on the same day that it occurred (and conducted some manner of investigation and/or maintenance); (2) a registered agent of PPL EU [who] accepted delivery of Appellants' [w]rit of [s]ummons at [offices PPL EU shared with PPL]; (3) a letter from Appellants' counsel identifying the cause of action [delivered to corporate offices shared by] PPL and PPL EU; and (4) [the involvement of a PPL EU corporate officer in this litigation]." Appellants' Brief at 29.

Next, Appellants assert that PPL EU knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the proper party. Appellants rely on the foregoing contacts to substantiate this requirement. In addition, Appellants contend that, in view of PPL's responses to discovery denying that it is the proper corporate entity in this case, it was incumbent upon PPL to investigate the potential involvement of its subsidiaries in this case. *See* Appellants' Brief at 32.

Appellants also maintain that, to the extent corporate officers of PPL EU held duties at PPL, such individuals possessed knowledge of Appellants' claims in both of their roles at the respective corporate entities. ***See id.*** at 33.

Lastly, Appellants contend that PPL EU, if joined as a named defendant, would not be prejudiced in its ability to maintain a defense on the merits in this action. Appellants maintain that, "[p]ermitting amendment will have no salient impact upon PPL EU's ability to defend itself beyond requiring it to do so." Appellants' Brief at 34. The unstated assumption here is that PPL EU will not suffer prejudice in defending itself on the merits of Appellants' claims since the loss of a statute of limitations defense does not qualify as a loss of a merits-based defense, or "prejudice," for purposes of Rule 1033(b). ***See Weinary v. Lex***, 176 A.3d 907, 916 (Pa. Super. 2017) (dismissal based upon statute of limitations is not a dismissal on the merits for purposes of applying *res judicata*), *appeal denied*, 189 A.3d 994 (Pa. 2018).

PPL argues that Appellants waived appellate review of their claim that the newly-adopted provision set forth in Rule 1033(b) applied in this case because they raised that position for the first time in an October 13, 2017 motion for reconsideration and not in their original motion to amend filed on April 27, 2017. As PPL's objection poses an obstacle to our review, we address it primarily.

Recently, this Court affirmed:

Issues not raised before the trial court are not preserved for appeal and may not be presented for the first time on appeal.

Pa.R.A.P. 302(a); *Erie Insurance Exchange v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009). **While the issue was included in [a] subsequently filed motion for reconsideration, issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal.** *Prince George Center, Inc. v. U.S. Gypsum Co.*, 704 A.2d 141, 145 (Pa. Super. 1997), *appeal denied*, 732 A.2d 1210 (Pa. 1998), *cert. denied*, 528 U.S. 810 (1999).

Furthermore,

[a] decision to pursue one argument over another carries the certain consequence of waiver of those issues that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality[] and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

*Strange v. Janssen Pharmaceuticals, Inc.*, 179 A.3d 45, 63-64 (Pa. Super. 2018) (emphasis added), *quoting* *Rabatin v. Allied Glove Corp.*, 24 A.3d 388, 391 (Pa. Super. 2011) (Donohue, J.).

The principle of issue preservation we confront here requires careful examination of Appellants' filings before the trial court. In their original motion to amend the complaint filed on April 27, 2017, Appellants cited Rule 1033 as grounds for seeking leave of court to "correct the name of a party." Appellants' Motion for Leave of Court to Amend Complaint Pursuant to Rule 1033, 4/27/17, at p. 5 para. 21. Next, Appellants averred that "PPL act[ed] directly through its direct wholly-owned subsidiary, PPL EU, to provide electricity transmission and distribution" services throughout Pennsylvania, including the location of the incident referenced in the complaint, and that PPL

acted through PPL EU to perform an investigation of the incident described in the complaint. *Id*. at 5 para. 22 and 23. Appellants then argued that Pennsylvania law permits amendment outside the limitations period where the correct party is sued, but under the wrong designation.[5] *Id*. at 5 para 24, *citing Tork-Hiis v. Commonwealth*, 735 A.2d 1256 (Pa. 1999). Pointing to several Pennsylvania cases, Appellants assert that: (1) the proper entity is sued where that entity is served, even if under the wrong name (citing *Clark v. Wakefern Food Corp.*, 910 A.2d 715, 717 (Pa. Super. 2006)); (2) amendment outside the limitations period is permitted to change a defendant's name from "partnership" to "corporation" (citing *Powell v. Sutliff*, 189 A.2d 864 (Pa. 1963)); and, (3) amendment to name a partnership rather than a successor corporation is permitted after the limitations period has run (citing *Paulish v. Bakaitis*, 275 A.2d 318 (Pa. 1971)). Appellants' Motion for Leave of Court to Amend Complaint Pursuant to Rule 1033, 4/27/17, at p. 6 para. 25, 26, and 27. Appellants concluded that amending the caption to name PPL EU as a defendant "will **not** have the effect of substituting another party for the one originally named, but instead will simply

---

[5] Appellants conceded, however, that amendment is **not** permitted where it "will have the effect of substituting another party for the one originally named." Appellants' Motion for Leave of Court to Amend Complaint Pursuant to Rule 1033, 4/27/17, at p. 5 para. 24.

identify it correctly in this litigation."[6] ***Id.*** at p. 6 para. 28 (emphasis added).

In short, Appellants argued in their original motion that amendment was proper because PPL and PPL EU "were essentially the same entity" and because "service on one constitutes service on all." ***See*** Trial Court Opinion, 9/15/17, at 4.

The trial court disagreed with Appellants' contentions and denied their original motion to amend. Thereafter, Appellants changed course and raised new claims in support of their position. In their motion for reconsideration filed on October 13, 2017, Appellants argued that the trial court erred in failing to apply the "safe harbor" provisions adopted in Rule 1033(b) and that, if it had, amendment would be allowed since PPL EU "knew or should have known" that Appellants made a mistake regarding its identity. ***See*** Appellants' Brief at 6-7. Rather than arguing, as they did in their opening motion, that PPL and PPL EU were essentially the same entity, Appellants now argued that these distinct organizations possessed shared knowledge of each other's operations and adverse claims. In addition, Appellants' motion for reconsideration relied upon Rule 1033**(b)**, a subsection of Rule 1033 that Appellants never previously referenced. Given that Rule 1033(b) became effective on April 1,

---

[6] Appellants essentially repeated this declaration in their prayer for relief, stating that amendment of the caption pursuant to Rule 1033 by naming PPL EU "will simply correct the caption and **will not add an additional, separate [d]efendant to the cause of action**." Appellants' Motion for Leave of Court to Amend Complaint Pursuant to Rule 1033, 4/27/17, at Wherefore Clause (emphasis added).

2017, shortly **before** Appellants filed their original motion to amend on April 17, 2017, Appellants' trial court submissions candidly admitted their oversights. In their brief in support of the motion for reconsideration, Appellants stated, "**the parties failed to consider and apply**" Rule 1033(b) and that the newly-adopted provision had "**escaped the notice of both parties**." Appellants' Memorandum of Law in Support of Appellants' Motion for Reconsideration, 10/13/17, at 3 (emphasis added).

The procedural record is clear that the issues presently raised by Appellants before this Court were presented for the first time in their motion for reconsideration. As such, we conclude that Appellants waived appellate review of these claims.

Appellants forward two arguments to overcome waiver.[7] Both, however, are unavailing. First, Appellants assert that they preserved their claims "[b]y

_____

[7] To contextualize their contentions, Appellants cite **Cagnoli v. Bonnell**, 611 A.2d 1194 (Pa. 1992) and suggest that the Supreme Court cautioned against strict application of the above-referenced waiver principles. **Cagnoli**, however, is easily distinguished. In that case, Pearl Cagnoli slipped and fell in the home of Helen Bonnell on February 23, 1983. To recover damages for her injuries, Cagnoli filed a writ of summons on February 20, 1985 and a complaint on March 14, 1986. Following the close of discovery, trial was set for April 18, 1988. On the morning trial was scheduled to begin, counsel for Bonnell moved for judgment on the pleadings and the trial court granted the motion. Cagnoli filed a motion for reconsideration on May 6, 1988, which the trial court denied. This Court affirmed on appeal, finding that Cagnoli waived her claims by raising them for the first time in a motion for reconsideration.

Our Supreme Court reversed. Citing Rule 1034, which governs motions for judgment on the pleadings, the Supreme Court noted that the drafters of the

making an initial request for amendment[.]" Appellants' Reply Brief at 2. Put differently, Appellants maintain that they preserved appellate review because both their motion to amend and their motion for reconsideration requested the same form of relief. This argument falls wide of the mark. Presumably, every motion for reconsideration seeks the same, or substantially the same, form of relief as its opening counterpart. If we were to adopt the position advanced by Appellants, we would jettison a significant component of our jurisprudence relating to issue preservation. Essentially, Appellants invite us to adopt an "exception" that threatens to swallow our firmly established principles of issue preservation. We are unwilling to accept this invitation.

Appellants' second ground for avoiding waiver rests on the observation that their "request for reconsideration was made prior to the entry of the trial court's final order in this case." Appellants' Reply Brief at 4. Here, Appellants

_____

rule did not envision the filing of such motions on the morning of trial. In addition, the Court stated that parties opposing such motions should have a full and fair opportunity to contest a movant's claims. The Court further noted that counsel for Bonnell violated local rules of court designed to ensure that litigants receive notice and an opportunity to oppose an adverse motion. In view of these circumstances, the Court held that it was error to find waiver where Cagnoli's first opportunity to oppose Bonnell's motion for judgment on the pleadings came in her motion for reconsideration.

The circumstances are very different in this case. As the party who initially sought leave to amend their complaint, Appellants controlled the timing and preparation of their original submission, including any underlying legal research and investigation. In short, Appellants' motion for reconsideration was not the first opportunity they had to raise their claims under Rule 1033(b). Thus, the narrow exception announced in *Cagnoli* does not apply.

- 13 -

reason that they preserved their issues since the trial court retained control of the proceedings when Appellants first raised their claims regarding Rule 1033(b). *See id.* Appellants cite no authority that supports this contention and our own research confirms that waiver in the context presented in this appeal does not turn on the filing of a reconsideration motion either before or after the issuance of a final order. In fact, prior cases have found waiver where a litigant files a motion for reconsideration long before the entry of a final order. *See*, *e.g.*, *Strange*, 179 A.3d at 68 n.7 (finding waiver of claim raised for first time in motion for reconsideration filed June 2, 2014 where final judgment was not entered until February 10, 2016 following a jury trial). Appellants have not come forward with valid grounds to withstand waiver in this case.

In sum, our resolution of this appeal rests upon a straightforward application of longstanding precedent. Appellants claim before us that the trial court erred by failing to apply Rule 1033(b), which became effective on April 1, 2017, shortly before Appellants initially sought amendment. The record confirms, however, that when Appellants originally filed their motion on April 27, 2017, they did not cite the amended provision to the trial court, nor did they frame their arguments in substantive terms recognized by the newly-adopted provision, as they do now. Instead, Appellants' original motion claimed that PPL and PPL EU were "one and the same" and that amendment would not have the effect of substituting a new party for the original

defendant. Appellants' present claims, raised for the first time on reconsideration, assert permissible amendment under Rule 1033(b) because PPL EU would not be prejudiced and knew the operations of, and claims against, a wholly separate and distinct entity. Since this Court has no jurisdiction over issues presented initially in motion for reconsideration or the denial of reconsideration, ***Prince George Center***, 704 A.2d at 145, Appellants failed to preserve their present claims for appellate review. ***See Larrimore***, 987 A.2d at 743. Accordingly, we affirm.[8]

Order affirmed.

Panella, J., and McLaughlin, J., concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19

---

[8] Apart from the fact that the trial court did not apply newly-adopted Rule 1033(b) to the original motion to amend, Appellants have not challenged the findings and determinations made by the trial court in its September 15, 2017 order. Hence, we have no basis upon which to address Appellants' final claim in which they assert that the trial court erred in sustaining PPL's preliminary objections by concluding that the only way for Appellants to establish the liability by PPL was by piercing the corporate veil or establishing that PPL EU was an alter ego of PPL. ***See*** Appellants' Brief at 3.