Costello *v.* Fusco (et al., Appellant).

Argued December 17, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*J. Webster Jones*, for additional defendant, appellant.

*Bernard J. Smolens*, with him *John J. McDevitt, III*, for original defendant, appellee.

OPINION BY ERVIN, J., March 24, 1960:

These are appeals from an order entered in two cases by the court below granting judgment n.o.v. in favor of a defendant and against a co-defendant and additional defendant.

In considering a motion for judgment n.o.v. we must view the evidence and the inferences therefrom in the light most favorable to the one having the verdict.

On November 10, 1953 Frank Campilia was operating his automobile in a westerly direction on Christian Street at or about its intersection with Passyunk Avenue, in Philadelphia. Catherine Costello and Melba Campilia were passengers in his car. A tractor-trailer, owned by Nicholas Fusco and operated by Joseph Catarella, was proceeding north on Passyunk Avenue. Campilia stopped for a red light at Christian Street and Passyunk Avenue and he looked to his left and saw the defendant's tractor-trailer two blocks away. When the light turned green, Campilia again looked to his left and saw the tractor-trailer about 40 feet away and "it looked like he was ready to stop." When the Campilia car was more than half way across the street, the tractor-trailer came through the red light and struck its left rear, injuring the two passengers.

As a result of the accident, two suits were instituted, one suit by Catherine Costello and Eugene Costello against Nicholas Fusco and Frank Campilia and the other by Melba Campilia against Nicholas Fusco. Frank Campilia was joined as an additional defendant. In both cases the jury found in favor of the plaintiffs

and against Nicholas Fusco. The court below granted new trials at which the defendant Fusco presented points for binding instructions, which the court below refused. The jury again found in favor of the plaintiffs and against Nicholas Fusco alone. The court then granted judgment n.o.v. in both cases, in favor of Fusco and against Campilia.

The evidence was clearly sufficient to compel the court to submit the question of the negligence of both defendants to the jury. Certainly Frank Campilia was not negligent as a matter of law. He looked twice to his left and saw the tractor-trailer both times. The second time it was 40 feet away and looked like it was going to stop for the red light. To proceed into an intersection under such conditions, especially when one has a green light, is not negligence as a matter of law: *Bell v. Dugan,* 189 Pa. Superior Ct. 322, 150 A. 2d 553.

Counsel for the appellant questions whether the court can grant a judgment n.o.v. where the jury finds one of two defendants not to be negligent, the effect of which is to declare the defendant found not negligent by the jury, negligent as a matter of law. The Act of April 22, 1905, P. L. 286, §1, as amended, 12 PS §681, governs the power of the court to enter such judgment as should have been entered upon the evidence. This question came to the attention of the Court of Common Pleas of Philadelphia County in the case of *Dowbenko v. Phila. Transportation Co.,* 63 Pa. D. & C. 502. The court does have such power and we approve the decision of the lower court in that case.

Order reversed and judgment entered on the verdicts.