Beury *v.* Hicks (et al., Appellant).

Argued December 6, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before WAJERT, J.

*Lawrence E. MacElree,* with him *Robert J. Shenkin,* and *MacElree, Platt, Harvey & Gallagher,* for appellant.

*Allen O. Olin,* for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

The instant case arose out of an automobile accident which occurred on June 9, 1969. John Beury, appellee's decedent, was traveling on Route 202 in Chester County when a large limb of a dead and decaying tree which overhung the highway fell upon his automobile,

crashing through the windshield and fatally injuring him. The appellee, as administratrix of her husband's estate and in her own right, brought a trespass action against the owners of the property on which the tree was located (hereinafter Hicks) and the appellant, Philadelphia Electric Company, which performed inspection and maintenance services on trees adjoining the highway in proximity to the company's power lines.

The case was tried by a jury before the Honorable John M. WAJERT. After a lengthy trial, the jury returned a verdict in plaintiff-appellee's favor against both defendants. The Hicks (property owners) have not appealed from the judgment. In its appeal the appellant does not allege the existence of any trial errors that would justify the granting of a new trial. Rather, appellant contends that the court below should have granted its motion for a judgment n.o.v. because the evidence does not support a finding of liability on the part of the appellant.

Appellant concedes that this court must, in reviewing the denial of the motion for judgment n.o.v., consider the evidence, together with all reasonable inferences therefrom, in the light most favorable to the appellee as verdict winner. *Costello v. Fusco,* 191 Pa. Superior Ct. 641, 159 A. 2d 73 (1960).

The evidence disclosed that for twenty-four years the appellant inspected trees along the highway, and removed limbs and branches from those trees. On several occasions, it had trimmed and removed overhanging branches from the tree in question. Appellant's employee testified that he was charged with the duty of inspecting power lines to detect dangers posed by overhanging limbs of trees in proximity to the lines and adjoining the highway, and that property owners rely upon the company to do so. The Hicks state that based upon past performance and representations they relied exclusively upon appellant to take care of the

trees located near the lines, and, specifically the elm tree in question.

As to the condition of the elm, an expert and several witnesses who had observed the tree before the accident testified that it was in an observably dead and decaying condition for three to four years prior to the accident. Significantly, Mrs. Hicks testified that in the fall of 1968, she told appellant's trimmers that she was concerned about the condition of the tree and wanted it checked. She was told not to worry about it and that it would be checked the following summer if it did not leaf.

The case was submitted to the jury on a theory of liability based upon Section 324A (c) of the Restatement of Torts, Second, which provides: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

The appellee alleged an undertaking by the appellant to render tree maintenance services on the Hicks' property which services should reasonably have been recognized as necessary for the protection of users of the adjacent highway. These allegations were sufficient to state a cause of action under the Restatement: *Hill v. U.S. Fidelity and Guaranty Co.*, 428 F. 2d 112 (C.A. 5, 1970). At trial the appellee demonstrated a course of conduct by appellant in rendering said services for a quarter of a century. A jury could conclude from this evidence that the Hicks could and did reasonably rely upon appellant to maintain the trees so as to obviate any danger to highway users.

More importantly, there is evidence that the Hicks did in fact rely on the appellant to diagnose and cor-

rect the dangerous condition of the elm shortly before the accident, and were assured that immediate corrective steps were unnecessary. The imposition of liability upon the gratuitous actor (appellant herein)[1] is proper, for a jury could reasonably find that appellant's assurances, in the words of Judge CARDOZO, "cloaked the defect, dulled the call to vigilance, and so aggravated the danger." *Marks v. Nambil Realty Co., Inc.*, 245 N.Y. 256, 157 N.E. 129, 130 (1927).

Liability under §324A does not require, as appellant argues, the express undertaking of a duty owed by the landowners to third parties. Rather, the Section applies to any undertaking to render services to another which the gratuitous actor should recognize as necessary for the protection of third parties. Thus, the fact that appellant performed tree care services for the protection of its transmission lines does not preclude liability. Whether the services should have also been recognized as necessary for the protection of third parties was an issue properly submitted to the jury and resolved in the appellee's favor.

The order of the court below is affirmed.

---

[1] Although appellant has been treated as a gratuitous actor, the services rendered on the Hicks' property were clearly of significant value to the appellant.