625 A.2d 155

**MOSCATIELLO CONSTRUCTION COMPANY, Appellant,**

**v.**

**CITY OF PITTSBURGH and Mackin Engineering Company.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided May 3, 1993.

George M. Medved, for appellant.

J. Russell McGregor, Jr., Asst. City Sol., for appellee, City of Pittsburgh.

Thomas J. Dempsey, for appellee, Mackin Engineering Co.

Before COLINS and JAMES R. KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

This is an appeal by Moscatiello Construction Company (Moscatiello) from the order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of the City of Pittsburgh (City) and against Moscatiello.

The City's Motion for Summary Judgment was not presented to the trial court until a jury had been selected. On the same day, over Moscatiello's objection, the trial court considered and granted the motion. The principal question on

appeal is whether the trial court denied Moscatiello procedural due process by granting the motion without allowing the nonmoving party adequate time to respond thereto. Because we conclude that this case is controlled by our Supreme Court's recent decision in *Cagnoli v. Bonnell,* 531 Pa. 199, 611 A.2d 1194 (1992), we reverse.

Normally, our standard of review in summary judgment cases is clear. Generally, summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). A grant of summary judgment will be reversed only where there has been an error of law or manifest abuse of discretion. When reviewing an order granting summary judgment, we are obliged to read the record in the light most favorable to the nonmoving party and resolve all doubt against the movant. *J.R.W., Inc. v. Manchester Borough Council,* 148 Pa.Commonwealth Ct. 238, 610 A.2d 1078 (1992). Here, however, applying the standards of *Cagnoli v. Bonnell,* we must determine whether the nonmoving party was afforded procedural due process.

This suit arises from a dispute as to the method of calculating payment for concrete lagging under a contract between the City and Moscatiello. Moscatiello filed a Complaint against the City on September 24, 1990, alleging that the City is obligated under the contract to pay for the total surface area of concrete lagging installed by Moscatiello. In the City's Answer and New Matter to the Complaint and Counterclaim, filed October 10, 1990, the City contends that the contract calls for payment per square foot of the front surface alone. The City filed a Complaint to join Mackin Engineering Company (Mackin) demanding damages for the negligent drafting of the contract and sought indemnification for any amount for which the City may be required to pay to Moscatiello. The City then filed an Amended Answer and New Matter to the Complaint and Counterclaim on January 17, 1991. Both the City's New Matter and Amended New Matter contain the general allegation that "[t]he claim of Moscatiello

is barred, limited or otherwise circumscribed by the terms of the ... contract documents." (R.R. pp. 25a, 74a)

Following extensive discovery, both the City and Mackin filed Motions for Summary Judgment, which were denied by the Honorable Judith Friedman on April 29, 1992.

On April 30, 1992, three weeks before trial, the court permitted Mackin to file Amended New Matter, which specifically raised, for the first time in these proceedings, a Settlement of Disputes clause in the contract as a bar to Moscatiello's right to bring a cause of action in a court of law or equity. The Settlement of Disputes clause found under the General Contract Provisions section of the contract provides:

> 3.63 *SETTLEMENT OF DISPUTES.* In the event of any disagreement, controversy or dispute arising between Contractor and Director [i.e. the Director of Engineering of the City] as to the interpretation of the Specifications or interpretation or the proper execution of this contract or as to the settlement thereunder or in the event of any disagreement as to any question or matter whatsoever which may arise or be in dispute under this contract or said Specification or of the terms or conditions thereof, such disagreements, controversy or dispute shall be immediately inquired into and decided by Director whose decision shall be final and conclusive as to all matters in controversy, without exception or appeal, and all rights or rights of action at law in equity or otherwise under and by virtue of this contract are expressly waived.

The Honorable David S. Cercone was assigned to preside over the trial. The parties concede that, on May 21, 1992, following the selection of a jury, the City filed a second Motion for Summary Judgment raising the Settlement of Disputes clause as a bar to the action.

In an order dated the same day, Judge Cercone granted the City's Motion for Summary Judgment finding the Settlement of Disputes clause an enforceable bar to the action. In a written opinion filed September 1, 1992, the court held that although the motion was "unquestionably brought shortly

before trial was to commence," [1] Moscatiello had adequate opportunity to prepare arguments against the City's motion because, as a party to the contract, Moscatiello should have known of the provision in question. Further, the court noted "that judicial economy was most appropriately served by enforcing the contractual provision barring trial in this matter." *Id.*

Moscatiello filed a Motion for Reconsideration arguing, inter alia, that the trial court denied Moscatiello an adequate opportunity to respond to the City's motion. Judge Cercone denied Moscatiello's Motion for Reconsideration. Thus, Moscatiello appeals to this Court from the summary judgment order.

The Pennsylvania Rule for summary judgment, Rule 1035, provides:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

Pa.R.C.P. No. 1035.

Unlike the Federal Rule for summary judgment, which imposes a ten-day notice requirement on the moving party, Fed.R.C.P. No. 56(c), Pennsylvania Rule 1035 is silent with respect to service on the opposing party. However, the lack of an express notice requirement certainly does not abrogate the right of an opposing party to reasonable notice and a meaningful opportunity to be heard. To determine the breadth of that right, we turn to the recent Pennsylvania Supreme Court decision, *Cagnoli v. Bonnell.*

1. Trial Court's September 1, 1992 Opinion at 5.

*Cagnoli* involved a Motion for Judgment on the Pleadings under Rule 1034, which provides, in language which is virtually identical to Rule 1035, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. No. 1034(a). The defendant in *Cagnoli* filed a Motion for Judgment on the Pleadings on the morning before trial was to begin. The defendant's motion was based upon the plaintiff's lack of reply to the defendant's New Matter. Following brief arguments, the trial court granted the motion. The Superior Court affirmed. On appeal, our Supreme Court reversed, holding that the trial court had denied the plaintiff reasonable notice and a meaningful opportunity to be heard:

> Clearly, the drafters of Rule 1034 did not envision that a Motion for Judgment on the Pleadings would be submitted, let alone considered, on the very morning that trial is to begin and a jury has been empaneled. The party opposing the motion must have a full and fair opportunity to argue against the motion. The opposing party here, the appellant, was not afforded this opportunity.

*Cagnoli*, 531 Pa. at 203, 611 A.2d at 1196.[2]

The Supreme Court rejected the trial court's determination that "not only was this motion submitted so as not to delay trial, but the granting of the motion eliminated the necessity for trial." *Id.* The Court found the trial court's rationale creates a "Catch–22" situation, which would eliminate the need for timely filings as long as the party filing in an untimely manner is successful. *Id.*

■ Applying the Supreme Court's reasoning in *Cagnoli* to the case at bar, we conclude that the trial court, although understandably unaware of the fact that the Supreme Court was about to decide *Cagnoli*, denied Moscatiello procedural due process. First, we note that Rules 1034 and 1035 impose identical time restrictions, after the pleadings are closed, but

---

**2.** In addition, the Supreme Court noted that the defendant had failed to comply with Erie County Rule of Court 302, which requires the moving party to give the opposing party at least forty-eight hours notice prior to the presentation to the court of a motion for judgment on the pleadings.

within such time as not to delay trial, but that neither contains an express notice requirement. Further, unlike a party opposing a motion for judgment on the pleadings, a party opposing a motion for summary judgment has the right to file and the trial court should consider opposing affidavits as well as pleadings, answers to interrogatories, depositions and admissions. In the instant case as in many others, summary judgment issues are far more complex than those arising on a motion for judgment on the pleadings. Therefore, we find that a party opposing a motion for summary judgment must be granted at least the same reasonable response time granted to a party opposing a motion for judgment on the pleadings.

With respect to notice and an opportunity to be heard, we find that Moscatiello was in a nearly identical position to the plaintiff in *Cagnoli*. In each case, the court considered a motion on the same day as filed, shortly before trial was to commence. Further, the *Cagnoli* defendant's motion for judgment on the pleadings was based upon affirmative defenses first raised in the defendant's New Matter. Therefore, we find immaterial to Moscatiello's claim of error the fact that Moscatiello was aware or should have been aware of the Settlements of Disputes clause before the City filed its Motion for Summary Judgment.[3]

Finally, following the rationale of the Supreme Court in *Cagnoli*, we will not permit the grant of a motion to eliminate the need for timely filing. As evidenced by this case, judicial economy is not promoted by the denial of due process.

We recognize that the trial court did not have the benefit of the Supreme Court's decision in *Cagnoli* prior to issuing its

---

**3.** Additionally, under Allegheny County Rule of Court 1035(1)(a), which sets forth the procedure for scheduling arguments, argument lists are to be published at least seventeen days before the date scheduled for argument.

Allegheny Rule of Court 1035(g) requires a moving party to obtain leave of court to present a motion for summary judgment where the case appears on a published trial list. In granting the City's motion for summary judgment, we conclude that the trial court impliedly granted the City permission to present its motion.

order. In light of *Cagnoli,* we find that the court committed an error of law by denying Moscatiello's constitutional right to due process. We, therefore, reverse the order of the trial court and remand the case for trial. We do not address any other issues raised on this appeal.

## ORDER

**AND NOW,** this 3rd day of May, 1993, the order of the Court of Common Pleas of Allegheny County dated May 21, 1992, is hereby reversed and this matter is remanded to the Common Pleas Court for trial.

Jurisdiction relinquished.

PELLEGRINI, J., did not participate in the decision in this case.