J-A21024-20

2020 PA Super 274

| LONNIE MATTHEWS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PROSPECT CROZER, LLC., D/B/A | : | No. 355 EDA 2020 |
| CROZER KEYSTONE HEALTH | : | |
| SYSTEM,  CROZER KEYSTONE | : | |
| HEALTH SYSTEM, PROSPECT | : | |
| MEDICAL HOLDINGS, INC.,  CKHS, | : | |
| INC., PROSPECT HEALTH ACCESS | : | |
| NETWORK,  D/B/A CROZER- | : | |
| KEYSTONE HEALTH NETWORK D/B/A | : | |
| FAMILY PHYSICIANS AT GARRETT | : | |
| ROAD, IVS LANDSCAPING, LTD., | : | |
| AND  ANTHONY'S LANDSCAPING | : | |
| AND TREE SERVICE CO. | : | |

Appeal from the Judgment Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180500399

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.:                    **FILED NOVEMBER 23, 2020**

Appellant, Lonnie Matthews, challenges the trial court's grant of summary judgment in favor of Appellees, Anthony's Landscaping and Tree Service Co. ("ALTS") and IVS Landscaping, Ltd. ("IVS"). After careful review, we affirm.

On March 2, 2018, Appellant was walking on a sidewalk in Drexel Hill, adjacent to a property owned by defendant Prospect Crozer[1] ("Drexel Hill Property"). As he walked by, a large branch fell off a maple tree on the Drexel Hill Property, striking Appellant and severely injuring him. Appellant filed a Complaint on May 8, 2018, against numerous parties, including Appellees.

The undisputed evidence most relevant to this appeal is as follows. At the time of the accident, Prospect Crozer and ALTS had in effect a contract in which ALTS agreed to provide snow removal for the Drexel Hill Property. Similarly, Prospect Crozer and IVS had in effect a contract in which IVS agreed to provide landscaping services for the Drexel Hill Property. Those contracts, however, did not include the inspection or maintenance of the trees on the Drexel Hill Property. Additionally, ALTS performed occasional ad hoc tree work on the Drexel Hill Property, always at Prospect Crozer's request.

On September 3, 2019, ALTS and IVS filed separate Motions for Summary Judgment under Pa.R.C.P. 1035.2, alleging that Appellant failed to establish that ALTS or IVS owed him a legal duty. On October 17, 2019, the trial court granted summary judgment in favor of ALTS and IVS on the basis that it was unable to conclude as a matter of law that ALTS or IVS owed a duty to Appellant. On November 6, 2019, in response to Appellant's Motion

_____

[1] Prospect Crozer was a defendant but not a party to this appeal, and has settled with Appellant. ALTS and IVS are the only remaining defendants in the case.

- 2 -

for Reconsideration, the court vacated its Summary Judgment Orders. The court ordered oral argument and supplemental briefing.

On December 16, 2019, after argument and briefing, the court again granted summary judgment in favor of ALTS and IVS, finding that Appellant failed to prove that ALTS or IVS owed him a legal duty. In particular, the trial court rejected Appellant's argument that the Restatement (Second) of Torts § 324(A) ("Section 324(A)") imposed a duty on Appellees. The trial court found that because Appellant could not establish that Appellees had "undertaken" an obligation to inspect and maintain the trees on the Drexel Hill Property, Section 324(A) did not impose a duty on Appellees.

The trial court entered Judgment on January 8, 2020. Appellant timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review:

> 1. Did the trial court commit an error of law when it misapplied the Restatement of Torts (Second) § 324A and case[ ]law interpreting that Restatement, thus failing to recognize that [ALTS and IVS] in fact undertook responsibility for maintaining the safety of the object(s) (here, trees) that caused [] Appellant' injuries?
>
> 2. Did the trial court abuse its discretion when it failed to consider the entire record when determining the scope of [ALTS and IVS'] duty toward Prospect[ ]Crozer?
>
> 3. Did the trial court simultaneously commit an error of law when it excluded from its review written responses to interrogatories?
>
> 4. Did the trial court abuse its discretion when it failed to consider [Appellant's] experts on the question of duty?

Appellant's Br. at 6.

In this appeal, we must review the trial court's grant of the Motions for Summary Judgment according to the following principles. A trial court properly grants a Motion for Summary judgment "if, after the completion of discovery relevant to the motion . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense[.]" **H & R Block E. Tax Servs., Inc. v. Zarilla**, 69 A.3d 246, 248 (Pa. Super. 2013); Pa.R.C.P. 1035.2(2). Superior Court reviews the grant of summary judgment in the context of the entire record in the light most favorable to the non-moving party. **Zarilla**, 69 A.3d at 248. We may reverse a grant of summary judgment only if the trial court committed an error of law or an abuse of discretion. **Valley Nat'l Bank v. Marchiano**, 221 A.3d 1220, 1222 (Pa. Super. 2019).

Each of Appellant's issues challenge the trial court's finding that he failed to establish that ALTS or IVS owed him a legal duty under Section 324(A). Section 324(A) imposes, *inter alia*, a duty on a defendant to third parties when the defendant has "undertaken" an obligation to provide certain services:

> One who **undertakes**, gratuitously or for consideration, to render services to another he should recognize as necessary for the protection of a third person or his things, is subject to liability for physical harm resulting from his failure to exercise reasonable care to protect his undertaking[.]

Restatement (Second) of Torts § 324(A) (emphasis added). **See Cantwell v. Allegheny Cnty**, 483 A.2d 1350, 1353 (Pa. 1984) (concluding that Section 324(A) correctly states Pennsylvania law).

Applying Section 324A, our Supreme Court has stated that "[i]t is not the contract *per se* which creates the duty; it is the law which imposes the duty because of the nature of the undertaking in the contract." **Farabaugh v. Pa. Tpk. Comm'n**, 911 A.2d 1264, 1283 (Pa. 2006) (citation omitted). Therefore, in analyzing whether a defendant undertook a legal duty under Section 324A, we look at the specific contractual obligations or particular undertakings that the entity agreed to perform. **See Beury v. Hicks**, 323 A.2d 788 (Pa. Super. 1974) (utility provider undertook duty to maintain trees around its power lines by doing so for 24 years).

The trial court concluded that Appellant's evidence did not establish that ALTS or IVS engaged in "an actual assumption of the undertaking, that is, maintenance and inspection of trees." Trial Ct. Op., 12/16/19, at 2. On that basis, the court granted ALTS and IVS summary judgment. **Id.**

Appellant avers that the trial court erred in granting ALTS and IVS summary judgment because he did, in fact, establish an undertaking. In support, Appellant directs this Court to testimonial evidence that shows: (1) ALTS and IVS would have notified Prospect Crozer had they noticed an issue with a tree; (2) ALTS performed tree-related work on the Drexel Hill Property in the years before Appellant's accident; and (3) Prospect Crozer expected ALTS and IVS to inspect and maintain the trees at the Drexel Hill Property at the time of Appellant's accident. Appellant's Br. at 9-33. He argues that this evidence is sufficient to establish that ALTS and IVS undertook to inspect and maintain the trees on the Drexel Hill Property. **Id.**

After review of the record, including the evidence Appellant draws to this Court's attention, we agree with the trial court that Appellant failed to adduce sufficient facts in discovery to prove that ALTS or IVS owed him a legal duty under Section 324A. In contradiction to Appellant's assertion, the evidence he references is insufficient to establish that ALTS or IVS undertook to inspect and maintain the trees at the Drexel Hill Property.

First, hypothetical testimony by ALTS and IVS representatives, that had they noticed an issue with the trees on the Drexel Hill Property they would have notified Prospect Crozer, is insufficient to establish that ALTS or IVS actually undertook to inspect and maintain the trees. Appellant has adduced no evidence to demonstrate that ALTS or IVS ever undertook to notify Prospect Crozer about tree issues.

Likewise, although ALTS trimmed the tree at issue in 2010 and removed a fallen branch a few years later, both at Prospect Crozer's request, it is not reasonable to infer from those isolated actions that ALTS had gratuitously undertaken or agreed to inspect and maintain the trees for the next eight years, when the accident occurred.

Finally, Prospect Crozer's expectation that ALTS and IVS would inspect and maintain the trees on its Drexel Hill Property is not, alone, sufficient to obligate them to do so. As stated above, Section 324A requires proof of an undertaking, of which Appellant has adduced none. Without evidence that ALTS and IVS actually inspected or maintained the trees, or agreed to do so,

Prospect Crozer's desire alone does not impose a legal obligation on ALTS or IVS.

As stated above, to establish the existence of a duty under Section 324A, the plaintiff must adduce evidence that the defendant **undertook** a service that he should recognize as necessary for the protection of the plaintiff. Appellant has failed to adduce any evidence to prove that ALTS or IVS assumed such an undertaking at the time of Appellant's accident and, therefore, he cannot prove that ALTS or IVS owed him a legal duty.

Since Appellant cannot establish that ALTS or IVS owed him a duty, Appellant's expert reports, which define the scope of that duty, are irrelevant. The trial court rejected consideration of Appellant's experts by finding that "the determination of a duty of care is a legal assessment to be made by the Court. It is unclear on what basis [Appellant] proffers expert board-certified arborists and foresters to provide the legal analysis required on the narrow issue at hand." Trial Ct. Op., at 10. We agree. Unless Appellant can establish that Section 324(A) imposes a duty on ATLS or IVS, the scope of that duty, and whether they breached that duty, is irrelevant.[2]

In sum, since we conclude that Appellant has not provided any evidence that ALTS or IVS either directly or indirectly agreed to provide tree inspection

---

[2] Appellant also challenges the evidence the trial court relied on to grant summary judgment, based on ***Borough of Nanty-Glo v. American Surety Co. of NY***, 163 A. 523 (Pa. 1932). Appellant's Br. at 26. Appellant did not raise this claim in his Rule 1925(b) Statement or cite to the record to support his argument and, therefore, this issue is waived. Pa.R.A.P. 1925(b); 2119(a).

or maintenance services on the Drexel Hill Property, Appellant cannot establish that ALTS or IVS "undertook" a duty to do so and Section 324A does not impose a duty on them. Thus, the trial court properly granted ALTS and IVS Summary Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/20