J-A18020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MEADOWS LANDING ASSOCIATES, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL SCUVOTTI AND CHARLENE SCUVOTTI | : | No. 1279 WDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 23, 2020
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2013-6850

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: October 20, 2021**

Appellants Michael Scuvotti and Charlene Scuvotti appeal from the order that vacated the previous entry of compulsory nonsuit in favor of Appellee Meadows Landing Associates, L.P., and entered summary judgment in favor of Appellee. Appellants contend that the trial court violated their due process rights and erred in granting Appellee's motion to strike their expert. Appellants also challenge the entry of summary judgment, claiming that expert testimony was unnecessary and that the trial court violated the law of the case doctrine. We are constrained to affirm.

The facts and procedural history of this appeal are well known to the parties. Briefly, we note that in 2006, Appellee purchased two hundred acres

of undeveloped land that abutted Appellants' property and residence.[1] In 2013, Appellee commenced the underlying case by filing a complaint in ejectment and trespass against Appellants.[2]

In 2014, Appellants filed an answer, new matter, and counterclaims for trespass, ejectment, nuisance, and negligence.[3] In their counterclaims, Appellants alleged that Appellee's development of its land included (1) removing vegetation, (2) changing the grading of the land, and (3) redirecting water and sediment through artificial avenues. Appellants stated that Appellee's development increased the flow of water and sediment from Appellee's land to Appellants' property.

In 2015, Appellants obtained an expert report from a registered professional engineer, James Harshman, PE, who evaluated the stormwater and groundwater impacts of Appellee's activities on Appellants' property and residence. Harshman updated his report on October 30, 2017 (Harshman report).

---

[1] Appellee's land was north and uphill of Appellants' property and residence.

[2] As discussed below, Appellee withdrew its claims against Appellants, and only Appellants' counterclaims remained in the underlying action. Therefore, the trial court's entry of summary judgment dismissing Appellants' counterclaims was a final order. *See* Pa.R.A.P. 341(a), (b)(1).

[3] The trial court sustained Appellee's preliminary objections to Appellants' counterclaims in part and dismissed Appellants' counterclaims for negligent hiring of contractors. However, Appellants' claims for negligence against Appellee remained.

On March 25, 2019, the trial court, with the Honorable Michael J. Lewis presiding, granted in part and denied in part Appellee's motion for partial summary judgment. Specifically, the trial court dismissed Appellants' claims for punitive damages. However, the trial court denied summary judgment on Appellants' claim that Appellee caused non-economic damages including personal annoyance and discomfort.

On February 19, 2020, Appellee discontinued its claims against Appellants, and the trial court scheduled trial on Appellants' remaining counterclaims for March 9, 2020. On February 20, 2020, Appellee filed motions *in limine*, including a motion to strike the Harshman report.

On March 9, 2020, the trial court, with President Judge Katherine B. Emery presiding, heard arguments on Appellee's motions *in limine*. Of relevance to this appeal, the trial court determined that Harshman failed to state his expert opinion to a sufficient degree of certainty and granted Appellee's motion to strike the Harshman report. The trial court's ruling concerning Harshman prompted the following exchange:

[Appellee's Counsel]: Do you want to talk to your people again?

[Appellants' Counsel]: I think we should.

THE COURT: I mean, you obviously can appeal this and sort of pursue it that way.

[Appellants' Counsel]: Certainly. We don't have causation without --

THE COURT: I'm surprised they didn't do an updated [report] after '17.

* * *

- 3 -

(Whereupon a discussion was held off the record and recess was taken.)

[Appellee's Counsel]: I am making a motion for a compulsory nonsuit in view of the [c]ourt's ruling on expert testimony.

THE COURT: And you don't have any other expert, I take it?

[Appellants' Counsel]: We do not. Mr. Harshman was our --

THE COURT: Right.

[Appellants' Counsel]: -- the source of our --

THE COURT: That is the only one it seems.

[Appellants' Counsel]: Correct.

THE COURT: The [c]ourt will grant that motion.

N.T., 3/9/20, at 39, 41. Appellants' counsel stated that he would have to speak with Appellants, but he did not object to the ruling. *Id.* at 41-42. Service of the trial court's written order granting compulsory nonsuit occurred on May 11, 2020.

Appellants thereafter filed a post-trial motion to remove the nonsuit asserting that the trial court erred in entering nonsuit prior to the presentation of their evidence.[4] Additionally, Appellants claimed that expert testimony "is

---

[4] Counsel who represented Appellants at the March 9, 2020 hearing withdrew from representation, and present counsel entered their appearance and filed Appellants' post-trial motion. Appellants did not file their motion within ten days of the entry of the trial court's memorandum order. *See* Pa.R.C.P. 227.1(c); *McCormick v. Blue Cross of W. Pennsylvania*, 520 A.2d 59, 60 (Pa. Super. 1987) (noting that "the period for seeking post-trial relief commences only when the prothonotary formally sends notice of the nonsuit, decision or adjudication to the parties"). However, Appellee did not object, and the trial court considered Appellants' motion timely and considered the merits of the motion. We add that it appears that the COVID-19 emergency

- 4 -

not a general requirement to put on a case of trespass, ejectment or negligence." Post-Trial Mot. to Remove Nonsuit, 6/1/20, at 3.

On October 23, 2020, the trial court entered a memorandum order granting Appellants' request to remove nonsuit. Mem. Order, 10/23/20, at 3-4. The trial court, however, entered summary judgment against Appellants and in favor of Appellee based on the arguments at the March 9, 2020 hearing and dismissed the case. *Id.*

Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.[5]

_____

orders took effect in Washington County and tolled the time for filing Appellants' motion. *See* Administrative Order 2020-1, 24 W.M. 2020 (Washington County filed Apr. 23, 2020) (suspending time calculations and deeming legal papers filed at the close of business of June 1, 2020 to be timely filed) (available at https://www.pacourts.us/Storage/media/pdfs/20210519/144506-file-9096.pdf (last accessed Oct. 18, 2021).

[5] Appellants' Rule 1925(b) statement raised the following ten issues:

1. The trial court erred as a matter of law when it granted summary judgment in favor of [Appellee] and against [Appellants].

2. [Appellee] failed to meet its burden of proof for summary judgment.

3. The trial court erred in granting the motion *in limine* to exclude the expert's testimony where it found that the report and anticipated testimony did not meet the degree of certainty required for an expert opinion.

4. The trial court erred when it converted the oral motion for nonsuit to one for summary judgment and granted summary judgment on all counts and dismissed the case.

Appellants present the following issues, which we have reordered for review:

1. Whether the trial court erred when it converted the oral motion for nonsuit to a motion for summary judgment and granted summary judgment on all counts and dismissed the case.

2. Whether the trial court erred in granting the motion *in limine* to exclude the expert's testimony where it found that the report and anticipated testimony did not meet the degree of certainty required for an expert opinion.

---

5. The trial court erred in precluding the expert's testimony where it found the in-depth expert report lacked reasonable certainty.

6. The trial court erred in determining causation could not be established.

7. The trial court erred in granting the Motion for Nonsuit when stating that prior counsel could not establish causation and did not demand or ask that the trial proceed and did not object to dismissing the jury.

8. The trial court erred when findings that the expert testimony would be the only evidence proffered to establish that [Appellee] diverted water and did so unreasonably which caused the water damage to the adjacent land.

9. The trial court erred in determining [Appellants] conceded that causation could not be established and that the case could not proceed.

10. The trial court erred in granting summary judgment when the law of the case doctrine had determined that the expert report was sufficient.

Appellants' Rule 1925(b) Statement, 12/28/20, at 2 (unpaginated) (formatting altered). The trial court addressed the ten claims as four issues, namely, (1) Appellee's motion *in limine*, (2) causation, (3) summary judgment, and the conversion of the motion for nonsuit to summary judgment. **See** Rule 1925(a) Op., 2/19/21, at 5, 8-10.

3. Whether the trial court erred as a matter of law when it granted summary judgment in favor of [Appellee] and against [Appellants].

4. Whether the trial court erred in granting summary judgment when the law of the case doctrine had determined that the expert report was sufficient.

Appellants' Brief at 8 (formatting altered).[6]

Initially, we summarize the principles governing our review. First, it is well settled that a trial court errs when it enters compulsory nonsuit before the presentation of evidence. *Lewis v. United Hosps., Inc.*, 692 A.2d 1055, 1058 (Pa. 1997); *accord Valles v. Albert Einstein Med. Ctr.*, 805 A.2d 1232, 1235 n.6 (Pa. 2002). However, the trial court's premature entry of nonsuit does not prevent this Court from reviewing the trial court's decision to dismiss a case. *See Wujcik v. Yorktowne Dental Assocs., Inc.*, 701 A.2d 581, 583-84 (Pa. Super. 1997) (concluding that the trial court "had the pre-trial authority to determine that [an] appellant's offer of proof of damages was legally insufficient and to dismiss [the appellant's] cause of action"); *Valles*, 805 A.2d at 1235 n.6 (indicating that because the appellant and appellees treated the appellees' motion for nonsuit as a summary judgment motion, the Supreme Court would "do the same").

Second, the general principles governing appellate review of an order granting summary judgment are as follows:

_____

[6] Appellants have not included page numbers in their brief. When citing to Appellants' brief, we begin counting the page number from the cover page as page one.

[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In ruling on such a motion, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient facts to make out a *prima facie* cause of action or defense.

On appeal, this Court

> may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Dunlap v. Fed. Signal Corp.*, 194 A.3d 1067, 1069 (Pa. Super. 2018)

(citations and footnote omitted, and formatting altered). Further, when the

entry of summary judgment involves an underlying evidentiary ruling, "the appropriate appellate standard of review is the one pertaining to the underlying ruling that [the a]ppellant is challenging." ***Walsh v. BASF Corp.***, 191 A.3d 838, 842 (Pa. Super. 2018).

Third, appellants challenging an improper entry of compulsory nonsuit or the erroneous grant of summary judgment must preserve their objections and claims at the first opportunity in the trial court. ***See*** Pa.R.A.P. 302(a); ***see also Young v. S. B. Conrad, Inc.***, 216 A.3d 267, 275 (Pa. Super. 2019). Although parties need not file post-trial motions to remove the premature entry of nonsuit, this Court has held that an appellant's "willful acquiescence" to the trial court's ruling will result in the wavier of their claims of procedural error. ***Compare Lewis***, 692 A.2d at 1058 (reversing this Court's order quashing an appeal based on the appellants' failure to file a post-trial motion), ***with Young***, 216 A.3d at 276 (finding waiver when the appellant agreed with the trial court that it had enough information to rule on the appellee's pretrial motion but then objected based on the procedural error after the trial court granted the motion).

Fourth, an appellant's failure to raise a claim in a Rule 1925(b) statement and cite to the record to support an appellate argument will result in waiver. ***See Matthews v. Prospect Crozer, LLC***, 243 A.3d 226, 230 n.2 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 1925(b)(vii), 2119(a). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the

merits thereof." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted).

Mindful of these precepts, we now consider Appellants' arguments.

**Due Process**

We first address Appellants' claim that the trial court violated their due process rights when it considered Appellee's oral motion for compulsory nonsuit as a motion for summary judgment. Appellants' Brief at 21. Appellants conclude that "the trial court erred as a matter of law where it granted the oral motion for nonsuit on the day of trial after a jury was seated, violating [Appellants'] constitutional right to due process."[7] ***Id.*** at 23 (formatting altered). In support, Appellants cite ***Cagnoli v. Bonnell***, 611 A.2d 1194 (Pa. 1992), and discuss ***Moscatiello Const. Co. v. City of Pittsburgh***, 625 A.2d 155 (Pa. Cmwlth. 1993).[8] ***Id.*** at 21-23.

_____

[7] We note that Appellants' assertion that a "jury was seated" is not supported by the record. The trial court granted compulsory nonsuit after reviewing possible questions for *voir dire*. **See** N.T. at 3-12. While the trial court apparently dismissed the pool of prospective jurors after orally granting nonsuit, **see id.** at 42, there is no indication in the record that the parties selected a jury.

[8] "We note that this Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." ***Haan v. Wells***, 103 A.3d 60, 68 n.2 (Pa. Super. 2014) (citation omitted and formatting altered).

In **Cagnoli**, the parties selected a jury on a Friday, and the following Monday, immediately before trial, the appellee presented a motion for judgment on the pleadings based on the appellant's failure to reply to new matters, among other motions. **Cagnoli**, 611 A.2d at 1195. After the trial court granted judgment on the pleadings, the appellant filed a motion for reconsideration. **Id.** Our Supreme Court reasoned that the appellee violated Pennsylvania's and the local rules governing the timing of motions for judgment on the pleadings, which deprived the appellant "of the opportunity to fully and fairly argue against both of [the] appellee's motions." **Id.** at 1196. The **Cagnoli** Court concluded: "Therefore, [the] appellant's first opportunity to raise these issues was at the time of filing his Motion for Reconsideration. Consequently, the appellant's issues were preserved for appellate review." **Id.**

In **Moscatiello**, the appellee presented a summary judgment motion after the parties selected a jury, seeking dismissal of a case based on a contractual provision. **Moscatiello**, 625 A.2d at 156-57. Over the appellant's objections, the trial court granted summary judgment in the appellee's favor, noting that the appellee filed a late motion before the commencement of trial, but that the appellant knew or should have known about the provision. **Id.** The appellant filed a motion for reconsideration asserting that the trial court denied it an adequate opportunity to respond to the appellee's motion. **Id.** at 157. Our Commonwealth Court applied **Cagnoli** and concluded that the trial

court denied the appellant "procedural due process by granting the motion without allowing the nonmoving party adequate time to respond thereto." *Id.*

Instantly, we are constrained to conclude that Appellants waived their claim that the trial court denied them due process by granting Appellee's motion for compulsory nonsuit.[9] *See* N.T. at 39, 41. Like *Young*, Appellants did not object to the procedural error in the trial court's consideration of Appellee's motion for nonsuit and essentially accepted the entry of judgment as a matter of law. *See Young*, 216 A.3d at 276. Specifically, Appellants' counsel indicated that Appellants could not establish causation without Harshman testifying as an expert. *See* N.T. at 39, 41.

Further, Appellants' reliance on *Cagnoli* and *Moscatiello* is unavailing. In those cases, the appellants preserved their objections and issues in the trial court. *See Cagnoli*, 611 A.2d at 1195-96 (concluding that the appellant preserved issues at the first opportunity in a motion for reconsideration); *Moscatiello*, 625 A.2d at 156-57 (noting that the appellant objected to the trial court's grant of summary judgment at the hearing and in a motion for reconsideration). Here, Appellants failed to claim a due process violation in their motion for post-trial relief or a motion to reconsider the trial court's order granting summary judgment. *See Cagnoli*, 611 A.2d at 1195-96;

---

[9] As noted above, the trial court could consider Appellee's motion for nonsuit as a motion for summary judgment. *See Wujcik*, 701 A.2d at 583; *accord Lewis*, 692 A.2d at 1058 (stating that the trial court should have treated the appellee's motion for nonsuit "as being one for either summary judgment or for judgment on the pleadings").

***Moscatiello***, 625 A.2d at 156-57. Additionally, we note that Appellants failed to specify this claim in their Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(vii); ***Matthews***, 243 A.3d at 230 n.2; ***see also*** Appellants' Rule 1925(b) Statement at 2. For these reasons, we find Appellants' due process claim waived.

### Adequacy of the Harshman Report

Next, Appellants claim that the trial court erred in granting Appellee's motion *in limine* concerning the Harshman report. After reciting the trial court's statements at the March 9, 2020 hearing and in its May 11, 2020 memorandum order, Appellants conclude: "In the instant case, the ten (10) page report was given with 'certainty' and certainly provided enough to at least allow the expert to testify. Hence, the case must be reversed and remanded." Appellants' Brief at 19-20. Appellants emphasize that the trial court stated that the Harshman report contained one conclusion that was not qualified with a term such as "possible" and could be "half-viewed with certainty." ***Id.*** at 19 (quoting N.T. at 38). Citing ***Vicari v. Spiegel***, 936 A.2d 503 (Pa. Super. 2007), Appellants assert that "[e]xpert reports do not need to contain 'magic language'" and that Harshman's "extensive report" was sufficiently conclusive to allow him to testify."[10] ***Id.*** at 20.

---

[10] In ***Vicari***, this Court reversed the entry of nonsuit in a medical malpractice case after the trial court determined that the appellant's expert failed to state his opinions to the requisite degree of certainty. ***Vicari v. Spiegel***, 936 A.2d 503, 509-12 (Pa. Super. 2007). Of relevance to this appeal, the ***Vicari*** Court

Instantly, other than summarizing the trial court's reasoning, Appellants' brief fails to discuss any portion of the Harshman report. *See id.* at 18-20. Appellants' brief lacks any citation to the record and reproduced record, nor do Appellants discuss any of the opinions Harshman offered. *See id.* Appellants refer to no portions of the record to support their contentions that Harshman stated his expert opinion to the required degree of certainty.

For these reasons, our review of Appellants' brief compels the conclusion that Appellants failed to provide an adequate appellate argument. *See Milby*, 189 A.3d at 1079. Accordingly, Appellants have waived their claim that the trial court erred in granting Appellee's motion *in limine* to preclude the Harshman report. *See Gesiorski*, 904 A.2d at 942-43; *see also Matthews*, 243 A.3d at 230 n.2.

---

noted that an expert's opinion must state causation with a reasonable degree of professional certainty, after which the jury decides whether the defendant's conduct was a substantial factor in bringing about the harm. *Id.* at 510. The Court continued:

> In determining whether the expert's opinion is rendered to the requisite degree of certainty, we examine the expert's testimony in its entirety. That an expert may have used less definite language does not render his entire opinion speculative if at some time during his testimony he expressed his opinion with reasonable certainty. Accordingly, an expert's opinion will not be deemed deficient merely because he or she failed to expressly use the specific words, reasonable degree of medical certainty. Nevertheless, an expert fails this standard of certainty if he testifies that the alleged cause possibly, or could have led to the result, that it could very properly account for the result, or even that it was very highly probable that it caused the result.

*Id.* at 510-11 (citations and footnote omitted, some formatting altered).

## Necessity of Expert Testimony

Appellants next contend that the trial court erred in granting summary judgment in favor of Appellee because Appellants could not establish causation without an expert. Appellants note that the trial court granted summary judgment against them because it precluded Harshman's expert report and concluded that Appellants needed an expert to establish causation. Appellants' Brief at 16. According to Appellants, the trial court failed to review and cite the record and evidence and instead relied on Appellants' failure to object to the trial court's ruling concerning Harshman and demand to proceed to trial. *Id.* at 16-17.

Appellants assert that "expert testimony is not required to put a trespass claim or other claims in [their] case." *Id.* at 17. In support, Appellants discuss *Kent v. Gen. Chem. Co.*, 131 A. 588 (Pa. 1925). Appellants conclude:

> In the present case, the trial court ruled that [Appellants'] expert was excluded and points to this as the basis for granting summary judgment. Besides this, the trial court points to no "facts" presented by [Appellee] that would meet their burden of proof for summary judgment. Ergo, it is respectfully requested the trial court be reversed and the case remanded for trial.

*Id.* at 18 (formatting altered).

Initially, we reiterate that at the March 9, 2020 hearing, Appellants did not object after the trial court granted Appellee's motion *in limine* to exclude the Harshman report and thereafter granted Appellee's oral motion for compulsory nonsuit. *See* N.T. at 39, 41. Therefore, we could find that Appellants waived this claim by failing to raise a contemporaneous objection.

*See* Pa.R.A.P. 302(a); *Young* 216 A.3d at 276. Nonetheless, Appellants raised their claim that expert testimony was not required in their post-trial motion and in their Rule 1925(b) statement. Because *Cagnoli* and *Moscatiello* concluded that the untimeliness of a pretrial motion to dismiss a case may excuse the need to object at the time of the trial court's ruling, we do not find waiver based solely upon Appellants' failure to object at the March 9, 2020 hearing. *See Cagnoli*, 611 A.2d at 1195-96; *Moscatiello*, 625 A.2d at 156-57.

Regardless, Appellants' brief lacks any meaningful discussion to support their reliance on *Kent*. Appellants fail to acknowledge that "the employment of [the] testimony of an expert rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skill and training beyond the ken of the ordinary layman." *Young v. Com., Dep't of Transp.*, 744 A.2d 1276, 1278 (Pa. 2000) (citation omitted and formatting altered). Nor do they reference the principle that

> [i]f all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert.

*Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 108 (Pa. Super. 2011) (citation omitted). Appellants' burden is to "prove, by direct or circumstantial evidence, facts by which the trier of fact can reasonably draw the inference urged by the plaintiff," and the principle that a jury cannot reach a verdict

"merely on the basis of speculation or conjecture." **See Fitzpatrick v. Natter**, 961 A.2d 1229, 1241-42 (Pa. 2008) (citation omitted and formatting altered).[11] Significantly, Appellants' brief fails to cite or discuss the record. This lack of meaningful appellate argument results in waiver of their claim that the trial court erred in granting summary judgment. **See Matthews**, 243 A.3d at 230 n.2; **Milby**, 189 A.3d at 1079.

In any event, we discern no merit to Appellants' attempt to establish error in the trial court's ruling based on their discussion of **Kent**. Specifically, in **Kent**, our Supreme Court noted that the appellant made "sulphuric acid" which produced "fumes and smoke containing sulphuric acid in varying quantities." **Kent**, 131 A. at 589. Following the construction of a new stack discharging the fumes and smoke, the appellee observed chemical fumes passing over the appellee's farm and damage to the farm, which formed the basis of the appellee's action of trespass. **Id.** The **Kent** Court further observed that people stated that the fumes came from the plant and tasted like sulphur. **Id.** After the fumes passed, leaves turned yellow and brown, trees ultimately died, and a white substance gathered on wire fencing. **Id.**

After a jury awarded damages to the appellee, the appellant took an appeal asserting that it was entitled to judgment n.o.v. because the appellee

---

[11] In **Fitzpatrick**, our Supreme Court discussed the general burdens of proof at trial when discussing the appellants' challenge to the entry of judgment *non obstante veredicto* (n.o.v.). We acknowledge that the instant case involves the entry of summary judgment and cite to **Fitzpatrick** solely for the purpose of background to the trial court's ruling that Appellants here could not establish a *prima facie* case absent causation testimony by an expert.

failed to present expert testimony linking the fumes to the white substance on fences and the death of trees and vegetation. *Id.* In rejecting the appellant's argument, the *Kent* Court reasoned:

> Where facts from which causal connection may be found have been testified to with sufficient clearness and definiteness that a layman in the ordinary affairs of life could infer the cause from the effect, expert evidence is not necessary. If the testimony of experts were to be required in every case, many meritorious ones would fail; it would place an undue burden on poor litigants. In [*Ribblett v. Cambria Steel Co.*, 96 A. 649 (Pa. 1916)] that character of evidence was necessary because the basis on which the inference of liability was to be found was so weak that, unless supported by scientific evidence, there was nothing to submit to the jury. Here we have the positive evidence as to the farm being in normal condition, the fumes passing over the land, and the condition of vegetation, trees, and property immediately after. There was sufficient evidence from which the jury, from the common experience of men, could infer the causal relation to exist and that the damages came from [the appellant's] plant. The case is very much stronger in this respect than the *Ribblett* [c]ase, especially as all other causes were practically eliminated.

*Id.* at 589-90 (some citations omitted).

In distinguishing *Ribblett*, the *Kent* Court, therefore, applied the well-settled principle that direct and circumstantial lay evidence may suffice as proof of causation without the need for an expert. However, for the reasons discussed above, Appellants fail to establish that *Kent* applies based on the record in this appeal. Accordingly, even if Appellants preserved their claim for review, we conclude that Appellants fail to demonstrate any error or abuse of discretion in the trial court's decision to grant summary judgment due to

Appellants' failure to provide adequate expert testimony concerning causation.[12] **See Dunlap**, 194 A.3d at 1069. Therefore, no relief is due.

### Law of the Case

Lastly, we address Appellants' claim that the trial court violated the law of the case doctrine. Appellants emphasize that on March 25, 2019, Judge Lucas denied Appellee's previous request for partial summary judgment on Appellant's non-economic damages such as personal annoyance and discomfort. Appellants' Brief at 25. Appellants note that Judge Lucas concluded that the Harshman report "provides sufficient evidence that [Appellants'] home is not 'comfortably habitable'" due to basement flooding and the saturation of their lawn. **Id.** at 26. Appellants conclude that "[t]he law of the case already determined the expert report was 'sufficient evidence,'" which the trial court violated by later entering summary judgment "based on the expert report issue." **Id.**

As this Court has explained:

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter . . . . The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled

---

[12] Even accepting Appellants' statement of the facts concerning the construction and location of a retention basin and other "wetlands," **see** Appellants' Brief at 12-13, we note that unlike the evidence in **Kent**, Appellants have not cited any portion of the record in which a lay witness testified to observing water flowing from Appellee's land to Appellants' property.

expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Neidert v. Charlie*, 143 A.3d 384, 390-91 (Pa. Super. 2016) (citation omitted). "Under the coordinate jurisdiction rule, another aspect of the law of the case doctrine, a trial court judge may generally not alter the resolution of a legal question previously decided by another judge of the court." *Heart Care Consultants, LLC v. Albataineh*, 239 A.3d 126, 132 (Pa. Super. 2020), *appeal denied*, 250 A.3d 1161 (Pa. 2021)

Instantly, Appellants raised their law of the case claim for the first time in their Rule 1925(b) statement. Therefore, because Appellants did not raise this claim before the trial court, it is waived. *See* Pa.R.A.P. 302(a); *Young*, 216 A.3d at 275; *accord Commonwealth v. McCandless*, 880 A.2d 1262, 1270 (Pa. Super. 2005) (*en banc*) (finding that an appellant "adequately preserved" a law of the case claim in a motion for reconsideration **and** a Rule 1925(b) statement).

In any event, the trial court ably discussed Appellants' claim in its Rule 1925(a) opinion, in which it explained:

> [Appellants] baldly asserts that "the law of the case doctrine here determined that the expert report was sufficient." [Appellants] do not set forth what previous ruling decided this issue. [Appellee] filed a motion for summary judgment on September 17, 2018 disputing the propriety of [Appellee's] claim for punitive damages and damages for discomfort and inconvenience. The sufficiency of the Harshman report was not asserted. In his opinion dismissing punitive damages and allowing a claim for personal annoyance and discomfort, Judge Lucas referenced the Harshman report and accepted his conclusions. Whether the expert witness

rendered his decision with the requisite degree of professional certainty was not asserted by any party nor was it addressed by the Judge. . . . Appellants cannot assume that Judge Lucas made such a finding. The law of the case has no applicability.

Rule 1925(a) Op. at 7-8.

Following our review, we discern no legal error or abuse of discretion in the trial court's reasoning. *See Commonwealth v. Wright*, 14 A.3d 798, 817 (Pa. 2011) (noting that the law of the case doctrine "applies only when a court is later asked to consider the **same** question decided by another court of equivalent or higher jurisdiction" (emphasis in original)); *Kroptavich v. Pennsylvania Power & Light Co.*, 795 A.2d 1048, 1054 (Pa. Super. 2002) (concluding that "the law of the case doctrine does not apply where it is clear that the two orders in question addressed different legal questions"). Accordingly, Appellants' law of the case claim lacks merit.

For these reasons, we affirm the trial court's rulings as described herein.

Order affirmed.

Judge Musmanno joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2021

- 21 -